**The STATE of Ohio, Appellee,**

**v.**

**FLUELLEN, Appellant.**

[Cite as *State v. Fluellen* (1993), 88 Ohio App.3d 18.]

Court of Appeals of Ohio,
Ross County.

No. 1831.

Decided May 21, 1993.

*Scott W. Nusbaum,* Ross County Assistant Prosecuting Attorney, for appellee.

*Richard M. Wallar,* for appellant.

GREY, Judge.

This is an appeal from a jury verdict of the Ross County Court of Common Pleas. The jury found appellant, Damon A. Fluellen, guilty of aggravated robbery in violation of R.C. 2911.01(A)(1) with a firearm specification pursuant to R.C. 2929.71. The trial court separately found Fluellen to be a repeat offender pursuant to R.C. 2941.142. We reverse.

The facts in this case are disputed. The following set of facts seem to be the basis for the jury verdict rendered in this case. On August 9, 1991, Fluellen entered the Slates Mills Farmers Market in Ross County, Ohio armed with a .22 rifle. Fluellen pointed the rifle at the cashiers, Dan Murray and Kevin Arledge, and ordered Arledge to open the cash register. When Fluellen turned toward Arledge, Murray ran out of the store and tried to flag down a motorist.

Fluellen opened the register himself and fled the market in a pickup truck driven by an accomplice, Keith Ernst. The truck was owned by Ernst's father. As the two were driving, Fluellen tossed the rifle out the window of the truck. Somewhere between the market and Mount Sterling, Ernst got out of the truck. Fluellen continued to drive and was later apprehended in Mount Sterling, Ohio.

The Ross County Grand Jury indicted Fluellen and charged him with aggravated robbery in violation of R.C. 2911.01(A)(1) with a firearm specification in violation of R.C. 2929.71. The indictment also contained a "repeat offender" specification in violation of R.C. 2941.142 to reflect Fluellen's conviction for involuntary manslaughter in 1976. Fluellen pleaded not guilty and requested a jury trial in the matter.

Prior to trial Fluellen elected to have the "repeat offender" specification tried to the court. Fluellen also filed a motion *in limine* regarding the prosecution introducing evidence of alleged acts of Fluellen's misconduct or his prior conviction and a motion to suppress. The state filed a notice of its intention not to introduce Fluellen's statement in its case in chief.

The matter proceeded to trial before a jury. The state presented testimony from both cashiers, Murray and Arledge, as well as the owner of the Farmers Market, Steve Thomas. Keith Ernst, who had previously pleaded guilty to the charge of aggravated robbery and had been sentenced, testified that Fluellen had robbed the Farmers Market, wielding a .22 rifle.

Fluellen took the stand in his own defense and testified that Ernst had forced him to commit the robbery under the threat of death. During cross-examination, the prosecutor asked Fluellen if he had ever been convicted of voluntary manslaughter. Fluellen answered no, but that he had been convicted of involuntary manslaughter. The trial court failed to give a requested curative instruction

to the jury which would have told them that the prosecutor had made a mistake in asking Fluellen about the *voluntary* manslaughter conviction.

Defense counsel objected because the conviction had taken place over ten years ago and should not be admissible under Evid.R. 609. The prosecution argued that the evidence should be admitted because Fluellen had taken the stand, putting his credibility at issue. The trial court weighed the probative value of the conviction to Fluellen's credibility against the prejudicial value to Fluellen's defense pursuant to Evid.R. 403 and admitted evidence of the prior conviction.

The jury found Fluellen guilty of aggravated robbery with a firearm specification. The court found that Fluellen was a repeat offender and sentenced Fluellen on the charge and both specifications. Fluellen appeals and assigns three errors.

"First Assignment of Error

"The trial court erred in permitting the state to impeach the Defendant's testimony with a criminal conviction over ten years old without specific findings of facts and circumstances showing that the probative value of such conviction substantially outweighed its prejudicial effect."

Fluellen asserts that the court erred in permitting the state to use his prior conviction for involuntary manslaughter, which was over ten years old, to impeach his testimony. The state contends that the trial court was correct in doing so pursuant to Evid.R. 609 and 403.

Evid.R. 609 provides for impeachment by evidence of the conviction of a crime. Evid.R. 609(A)(2) states:

"notwithstanding Evid.R. 403(A), but subject to Evid.R. 403(B), evidence that the accused has been convicted of a crime is admissible if the crime was punishable by death or imprisonment in excess of one year pursuant to the law under which the accused was convicted and if the court determines that the probative value of the evidence outweighs the danger of unfair prejudice, of confusion of the issues, or of misleading the jury."

However, Evid.R. 609(B) imposes a time limit on the use of such information. It provides in pertinent part:

"Evidence of a conviction under this Rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement, or the termination of probation * * * unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect. * * *"

There is no dispute that Fluellen's prior conviction, sentence and parole time all occurred more than ten years prior to his arrest and trial for aggravated

robbery. Therefore, the conviction could only have been admitted if the trial court properly determined that its probative value outweighed the prejudicial effect of its admission pursuant to Evid.R. 609(B). We believe that it did not.

What we have here is a rule, an exception to the rule, and then, an exception to the exception. To attack a defendant's credibility, evidence of his prior convictions may be introduced. This is the rule in Evid.R. 609(A)(2). Where the conviction is more than ten years old, however, it is not admissible. This is the exception in Evid.R. 609(B). Where the probative effect of the ten-year-old conviction outweighs the prejudicial effect of its admission, the court may admit it. This is the exception to the exception.

This exception to the exception sounds a lot like the general rule for relevancy in Evid.R. 403(A): "Although relevant, evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice * * *." By using different language, the drafters of Evid.R. 609(B) obviously intended something different from the ordinary standard of relevancy, and we have to carry out that intent.

We must, therefore, look to the actual language of Evid.R. 609(B) which reads, in relevant part:

"[U]nless the court determines, in the interest of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect."

The phrase, "supported by specific facts and circumstances," seems to be the key. One assumes the drafters of these rules intended that even though ten-year-old convictions are ordinarily not probative, the facts and circumstances may make a ten-year-old conviction relevant. If a defendant testifies and denies embezzling money, it may be probative for the jury to hear that over ten years ago he was convicted of embezzlement because the facts and circumstances of that conviction are specifically related to the current charge. On the other hand, if he had been convicted of aggravated vehicular homicide or possession for sale, the circumstances of those crimes do not say much about his credibility on the current charge one way or another except as provided for in Evid.R. 403(A). Phrased in the language of this case, the question is: Do the specific facts and circumstances of a more than ten-year-old involuntary manslaughter conviction support the conclusion that the defendant is less credible when he testifies about a current aggravated robbery charge?

There are very few instances where evidence of the prior conviction of a defendant would not be prejudicial and possibly confuse or mislead the jury. It is reasonable to presume that a juror's knowledge of a defendant's prior conviction will influence his verdict. The logical thought progression is if the

defendant committed the prior crime, he is more likely to have committed the one for which he is presently being tried. Prosecutors anticipate this exact result when they introduce prior convictions.

Fluellen was convicted and served time for involuntary manslaughter. That offense, in and of itself, has little to do with the offense of aggravated robbery except to reinforce in the jury's mind that the defendant is a person who probably committed the present crime since he had a prior conviction. In introducing Fluellen's prior conviction, the state failed to support that evidence with specific facts and circumstances as mandated by Evid.R. 609(B).

In light of the ordinarily prejudicial effect of such evidence, and in light of the fact that the drafters of Rules of Evidence felt this issue was so important as to make a specific exception of it, we cannot say this evidence did not have a prejudicial effect upon the jurors. The trial court erred in permitting Fluellen's prior conviction, more than ten years old, to be admitted into evidence. Fluellen's first assignment of error is well taken and is sustained.

"Second Assignment of Error

"The trial court erred in permitting the state to adduce evidence of other wrongs and alleged crimes of the Defendant when the Defendant was not charged with other crimes and wrongdoings."

Fluellen asserts that the trial court should not have permitted Keith Ernst to testify that he and Fluellen had possessed and used cocaine and that Fluellen wanted Ernst's gun to harm a third party. In support of this assertion Fluellen relies on Evid.R. 404(B).

Evid.R. 404(B) provides:

"Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

The Ohio Supreme Court held in *State v. Roe* (1989), 41 Ohio St.3d 18, 535 N.E.2d 1351, that evidence of other crimes may be presented when "they are so blended or connected with the one on trial as that proof of one incidentally involves the other; *or explains the circumstances thereof * * *.*"

Below, Ernst testified that he put two shells in the .22 rifle prior to the robbery. When asked why he did that, Ernst replied that Fluellen had indicated he wanted to use the gun on someone who had borrowed his truck. When asked why he acted the way he did on the day of the robbery, Ernst replied that he had been drinking with Fluellen and that he, Ernst, had been doing cocaine. Both

answers did little more than to explain the circumstances surrounding the actual commission of the robbery.

Fluellen asserts that he was unaware that he would have to defend against an allegation of drug use. However, his counsel, prior to trial, filed a motion *in limine* to prevent evidence of his drug use from being admitted. The actual testimony about cocaine usage came after Ernst testified that he had been with Fluellen, that he had been drinking with Fluellen, and that he had been smoking cocaine. The clear inference was that Fluellen was smoking too, and the jury is likely to have made that inference whether the question was asked or not. While it might have gone one step beyond, we do not regard it as that prejudicial.

Fluellen's second assignment of error is not well taken and is overruled.

"Third Assignment of Error

"The trial court erred in failing to dismiss the gun specification when the evidence failed to establish that the firearm was capable of proper operation at the time of the offense."

At issue here is whether the firearm used by Fluellen in the armed robbery of the Farmers Market was operable pursuant to R.C. 2923.11(B). If it was, then the trial court was correct in sentencing Fluellen to a three-year term of actual incarceration pursuant to R.C. 2929.71(A)(2).

To sustain a conviction with a firearm specification the state must prove beyond a reasonable doubt that the firearm was operable or could have readily been rendered operable at the time of the offense. *State v. Gaines* (1989), 46 Ohio St.3d 65, 545 N.E.2d 68. There must be some evidence relative to the gun's operability. *Id.* In *Gaines,* there was testimony concerning the appearance of the gun as well as the witnesses' subjective belief that the gun was operable. The *Gaines* court held that this, without more, will not support an additional three-year sentence pursuant to R.C. 2929.71.

Here, there was testimony from both Murray and Arledge concerning their beliefs as to the gun's ability to fire as well as a description of the gun itself. That testimony alone would not have satisfied the *Gaines* test. However, Agent Ronald Dye testified that although the gun had a half-inch dirt plug in the barrel, he cleaned it out and test-fired it. The mud is consistent with the testimony of Keith Ernst who said that Fluellen threw the gun out of the car window as they fled the scene of the robbery. R.C. 2923.11(B) includes guns which are inoperable but can readily made operable and we believe that would include guns which may be unsafe because they have dirt in the barrel.

All of the above evidence, taken together, was sufficient to sustain the state's burden of proof as to the operability of the .22 rifle. The trial court did not err in

failing to dismiss the firearm specification. Fluellen's third assignment of error is not well taken and is overruled.

Based on our ruling in Fluellen's first assignment of error, the judgment of the trial court is reversed and the cause is remanded for a new trial.

*Judgment reversed*
*and cause remanded.*

HARSHA, P.J., concurs separately.

PETER B. ABELE, J., concurs as to Assignments of Error Nos. II and III, but dissents as to Assignment of Error No. I.

HARSHA, Presiding Judge, concurring.

Evid.R. 609(B) is patterned after Fed.R.Evid. 609(b). The exception granting authority to trial courts to admit convictions that are more than ten years old was added to Fed.R.Evid. 609(b) by the Senate Judiciary Committee for the following reasons:

"Although convictions over ten years old generally do not have much probative value, there may be exceptional circumstances under which the conviction substantially bears on the credibility of the witness. * * *

"It is intended that convictions over 10 years old will be admitted very rarely and only in exceptional circumstances. The rules provide that the decision be supported by specific facts and circumstances thus *requiring the court to make specific findings on the record* as to the particular facts and circumstances it has considered in determining that the probative value of the conviction substantially outweighs its prejudicial impact." (Emphasis added.) S.Rep. No. 93-1277, 93d Cong. 2d Sess., reprinted in U.S.Code Cong. & Adm.News (1974) 7051, 7061-7062. See Giannelli, Ohio Evidence Manual (1992) 50, Section 609.06(a); see, also, *State v. Ellis* (1982), 8 Ohio App.3d 27, 8 OBR 29, 455 N.E.2d 1025.

Convictions over ten years old should be admitted under Evid.R. 609(B) only rarely and in exceptional circumstances. *Lenard v. Argento* (C.A.7, 1983), 699 F.2d 874 (analyzing analogous federal provision). It is the prosecution's burden in stale conviction cases to present specific, or articulated, facts and circumstances that support the probative value of the conviction such that it substantially outweighs its prejudicial effect. *United States v. Beahm* (C.A.4, 1981), 664 F.2d 414. Appellee failed to present *any* facts and circumstances concerning appellant's prior conviction. Additionally, the mere nature of the prior conviction, *i.e.*, involuntary manslaughter, does not appear to bear on appellant's credibility in a subsequent aggravated robbery prosecution. Cf. *State v. Grubb* (1988), 44 Ohio App.3d 94, 541 N.E.2d 476 (prosecution allowed to use twenty-four-year-old sodomy conviction to impeach defendant in a gross sexual imposition trial). Based upon the foregoing, since appellee did not present specific facts

and circumstances supporting the probative value of the prior conviction and the trial court made no such findings, the court abused its broad discretion in allowing appellee to impeach appellant's credibility with the 1976 involuntary manslaughter conviction.

Nevertheless, in order to support the reversal of a judgment, appellant has the burden to establish that any error was prejudicial. See, *e.g.*, *Gries Sports Enterprises, Inc. v. Cleveland Browns Football Co.* (1986), 26 Ohio St.3d 15, 28, 26 OBR 12, 23, 496 N.E.2d 959, 969; *Lowry v. Lowry* (1988), 48 Ohio App.3d 184, 190, 549 N.E.2d 176, 181. Crim.R. 52(A) provides that "[a]ny error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded." Error in the admission of evidence in criminal proceedings is harmless if there is no reasonable possibility that the evidence may have contributed to the accused's conviction. Giannelli, *supra*, at 20, Section 103.03, citing *State . v. Bayless* (1976), 48 Ohio St.2d 73, 2 O.O.3d 249, 357 N.E.2d 1035; *State v. Rabe* (June 3, 1991), Clermont App. No. CA90–09–092, unreported, 1991 WL 96371. In order to affirm the conviction, the error in the admission of evidence must be harmless beyond a reasonable doubt. Giannelli, *supra; Rabe, supra.*

If evidence of guilt is overwhelming, courts have held any error in the admission of evidence to be harmless beyond a reasonable doubt. *State v. Hart* (1991), 72 Ohio App.3d 92, 99, 593 N.E.2d 463, 467; *State v. West* (Nov. 17, 1988), Cuyahoga App. No. 54598, unreported, 1988 WL 122944. In the case at bar, appellant conceded that he had participated in the aggravated robbery of the store. However, he claimed the affirmative defense of duress. Under Ohio law, duress is an affirmative defense which must be proven by the defendant. *State v. Broughton* (Feb. 16, 1993), Clermont App. No. CA92–06–061, unreported, 1993 WL 38178. The defendant must establish that the force which is claimed to have compelled his criminal conduct was (1) immediate and imminent and threatened grave bodily harm; (2) present throughout the transaction; and (3) could not have reasonably been avoided. *State v. Hackley* (Aug. 15, 1990), Montgomery App. No. 11407, unreported, 1990 WL 119292, citing *State v. Proctor* (1977), 51 Ohio App.2d 151, 158, 5 O.O.3d 309, 313, 367 N.E.2d 908, 913; see, also, *State v. Cross* (1979), 58 Ohio St.2d 482, 12 O.O.3d 396, 391 N.E.2d 319. The force which is claimed to have compelled criminal conduct against the will of the actor must be immediate and continuous during all the time the act is being committed. *State v. Dapice* (1989), 57 Ohio App.3d 99, 106–107, 566 N.E.2d 1261, 1268–1269; *State v. McClain* (Mar. 31, 1988), Franklin App. No. 87AP–645, unreported, 1988 WL 37105.

The reason the trial court gave in allowing evidence of appellant's prior conviction was because the "central issue" in the case was appellant's credibility. Appellee specifically placed special emphasis on the prior conviction in its closing argument:

" * * * Now how do you determine whether someone was under duress? You look at their actions at the time the offense occurred and you hear what the witnesses have to say. Well the only person that's talking about duress in this case is one person and that's Damon Fluellen and your job is to gauge the credibility or the believability of Damon Fluellen. Simply put, you determine whether Damon Fluellen is a very, very big liar. *Well how do you gauge credibility?* The Court will tell you how you gauge credibility. *The first thing I think you need to look at in this case is Damon Fluellen's prior record.* You heard that Damon Fluellen has previously been convicted of Involuntary Manslaughter. Now you can't use that to determine that he committed this offense, but the Court did tell you that you can use that prior conviction for Involuntary Manslaughter to gauge whether he's a truthful person. Is a person who has been convicted of a felony before, as reliable as other people who haven't been convicted and who testified in this case?" (Emphasis added.)

Finally, appellee does not even assert on appeal that any error in the admission of appellant's involuntary manslaughter conviction was harmless. Based upon the foregoing circumstances, and a complete review of the record, I am persuaded that there remains a reasonable possibility that the prior conviction may have contributed to appellant's conviction.[1] Accordingly, I cannot find the trial court's error to be harmless beyond a reasonable doubt.

---

1. The jury is free to believe all, part or none of the testimony of each witness. *State v. Harriston* (1989), 63 Ohio App.3d 58, 63, 577 N.E.2d 1144, 1148; *State v. Nichols* (1993), 85 Ohio App.3d 65, 619 N.E.2d 80. The jury could thus credit appellant's testimony relating to duress.