DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
The Defendant, Michael Turner, appeals from his convictions in the Summit County Court of Common Pleas for abduction and for aggravated robbery with a firearm specification. We affirm.
The victim, John Blahut, was at the Interbelt Lounge in Akron, having some drinks with his friends. Shortly after midnight, on January 2, 1997, Mr. Blahut went out to the parking lot to retrieve some cigarettes from his car. He was approached from behind by the Defendant, who twice called out, "You better check your shit." When Mr. Blahut turned around, he saw that he was surrounded by the Defendant and three or four other men. One of the men, Damon Hayes, was pointing a sawed-off shotgun at him. The Defendant searched Mr. Blahut's pockets and took his money and car keys.
Mr. Blahut was forced to kneel down next to his car while the men ran back to the van that they had arrived in that night. All but the Defendant drove away in the van. The Defendant returned and forced Mr. Blahut into his own car. The Defendant then drove away with Mr. Blahut, following the van. Fortunately, Mr. Blahut was able to jump out of the vehicle and escape. He immediately called the police and gave them descriptions and license numbers for both his car and the van. The police eventually apprehended both vehicles and arrested all of the men involved.
The Defendant was indicted by the Summit County Grand Jury for kidnaping and complicity to commit aggravated robbery; both crimes carried firearm specifications under R.C. 2941.145. The jury found the Defendant not guilty on the kidnaping charge, but guilty of the lesser included offense of abduction. He was also found guilty of aggravated robbery, with the firearm specification. The trial court sentenced the Defendant to a total of nine years in prison. The Defendant now appeals, raising two assignments of error.
 ASSIGNMENT OF ERROR I
The trial court committed prejudicial error by failing to give an instruction on the defense of duress, which the defense had requested, in violation of Defendant's rights as guaranteed to him by the Fifth, Sixth, andFourteenth Amendments to the U.S. Constitution.
The Defendant claims that he was "surprised" when he first saw that his friend, Damon Hayes, had a sawed-off shotgun and when Hayes, armed with the shotgun, allegedly told the Defendant to search the victim and take his money. The Defendant maintains that he did not know that he was going to be involved in a robbery, and that he only participated in the robbery because he was concerned with the possibility of getting shot by Hayes. Therefore, the Defendant submits that a duress instruction should have been given by the trial court.[1]
In charging a jury, the trial court must state all matters of law necessary for the information of the jury in arriving at its verdict. R.C. 2945.11; State v. Brady (1988), 48 Ohio App.3d 41,42. The trial court's charge to the jury is governed by the evidence presented at trial. State v. Dapice (1989), 57 Ohio App.3d 99,106. A trial court does not commit error when it refuses to give a requested jury instruction on duress where the proposed instruction is not supported by the evidence. Id.
The affirmative defense of duress is extremely limited and should only be applied in rare instances. State v. Cross (1979),58 Ohio St.2d 482, 488. The burden of going forward with the evidence of an affirmative defense rests upon the accused. R.C.2901.05; State v. Melchior (1978), 56 Ohio St.2d 15, 20. To prove duress, a defendant must show that he was forced to perform the act against his will by an immediate and continuous threat of grave danger during the entire time that the act was being committed. State v. Good (1960), 110 Ohio App. 415, 419. "It must be a force threatening great bodily harm that remains constant in controlling the will of the unwilling participant while the act is being performed and from which he cannot withdraw in safety." Id. See State v. Fluellen (1993), 88 Ohio App.3d 18,26; State v. Jacobs (Jan. 3, 1990), Summit App. No. 14089, unreported, at 14-15. The defendant must establish that the force that compelled his criminal conduct could not have reasonably been avoided. State v. Fluellen, supra, at 26.
The evidence in this case did not in any way indicate that the Defendant was an unwilling participant under duress. The Defendant's own testimony indicated that the group of men had previously discussed robbing someone that evening. The Defendant acknowledged that he had seen Hayes with the shotgun earlier in the day. It was the Defendant himself who drove the group to the Interbelt Lounge in his mother's van, without any coercion. Hayes was the Defendant's friend, and he did not direct any immediate, continuous, or inescapable threat of grave harm toward the Defendant. The Defendant's only concern was the fact that Hayes was intoxicated, and because the Defendant was standing in the line of fire while robbing Mr. Blahut, anything might be possible:
Q. Did you have any concern that you might be shot?
 A. I mean, [it] was going through my mind because I had been shot before, a gun pulled on me, you know, but at first, like not really, you know, he was just standing there, supposed to be my buddy. I didn't really figure he was going to shoot me, but you never know when a man is high, drunk, or whatever.
Q. So you thought that it might be a possibility?
A. Could have been.
Furthermore, if the Defendant had been afraid of Hayes, he could have easily fled the scene after Hayes took the shotgun and departed in the van. Instead, the Defendant went back and ordered Mr. Blahut into the car, and then drove away with the victim.
The Defendant failed to introduce sufficient evidence to warrant a jury instruction on the defense of duress as a matter of law. The trial court did not commit error when it refused to give this instruction. The Defendant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II
The trial court committed prejudicial error by denying the Criminal Rule 29 motion for acquittal made and renewed by Defendant concerning the firearm specification in the indictment herein.
The firearm specification requires a mandatory three-year prison term where "the offender had a firearm on or about the offender's person or under the offender's control while committing the offense and displayed the firearm, brandished the firearm, indicated that the offender possessed the firearm, or used it to facilitate the offense." R.C. 2941.145(A). The Defendant contends that he should not have been convicted of a firearm specification pursuant to R.C. 2941.145 because he did not possess the firearm, but was only an accomplice. For that reason, he contends that his Rule 29 motions should have been granted by the trial court.
The Ohio Supreme Court has interpreted R.C. 2941.141, the predecessor of R.C. 2941.145, and found that the firearm statute is applicable to accomplices.
 An individual indicted for and convicted of R.C. 2911.01, aggravated robbery, and R.C. 2941.141, a firearm specification, is subject to a mandatory three-year term of actual incarceration * * * regardless of whether he was the principal offender or an unarmed accomplice.
State v. Chapman (1986), 21 Ohio St.3d 41, syllabus. (Citations omitted.)
In the 1996 amendment to the revised code, the legislature indicated that a defendant was to receive a one-year sentence of actual incarceration if he or she possessed a gun during the commission of the offense and a three-year sentence of incarceration if he or she brandished or used the firearm during the offense. Compare R.C. 2941.141 and 2941.145. Except for this amendment, the gun specification statute remained basically unchanged. The legislature continued to remain silent on whether these statutes applied to unarmed accomplices. There is no evidence that the 1996 amendment was intended to modify theChapman judicial interpretation of the law.
It is well-settled law that an accomplice may be prosecuted and punished as if the accomplice were a principal offender. R.C.2923.03(F). See Chapman, supra, at 42; State v. Jackson (1993),90 Ohio App.3d 702, 704. It remains unchanged under the new statute that when a firearm is utilized in the commission of the crime, an unarmed accomplice will be subject to the same enhanced penalties as the principal who actually possessed the firearm and displayed, brandished, or used it to commit the crime.
The Defendant's second assignment of error is overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Summit Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 Exceptions. _________________________________ SHEILA G. FARMER, FOR THE COURT
BAIRD, P. J.
DICKINSON, J., CONCUR
(Farmer, J., Judge of the Fifth District Court of Appeals, sitting by assignment pursuant to Article IV, § 5(A)(3), Constitution.)
[1] The Defendant requested the following standard Ohio jury instruction as to duress, based on R.C. 2905.12:
 "The defendant has claimed the defense of duress, claiming that he acted out of fear for his life or of great bodily harm. When a person is forced to participate in an offense against his will because he honestly believes and has good reason to believe that he is in immediate danger of death or great bodily harm, and that there was no reasonable opportunity to escape, he is entitled to be acquitted on the ground of duress."