JOURNAL ENTRY AND OPINION
{¶ 1} Defendant Develin Triplett appeals from his conviction for possession of drugs. For the reasons set forth below, we affirm. On April 21, 2003, defendant was indicted for one count of possession of less than the bulk amount of PCP (phencyclidine), in violation of R.C. 2925.11. Defendant pled not guilty and the matter proceeded to trial to the court on November 12, 2003.
 {¶ 2} For its case, the state presented the testimony of Cleveland Police Scientific Examiner Scott Miller, and Regional Transit Authority Police Officers Joseph Vrsansky and Joseph Kemmett.
 {¶ 3} Miller testified that he analyzed two glass vials containing liquid residue and a cigarette in connection with this matter. Both vials had liquid residue, and the cigarette weighed .49 grams. Miller performed the microcrystalline test and an instrumental analysis test. Under both tests, all three items tested positive for phencyclidine. He admitted upon cross-examination, however, that he did not obtain fingerprints from the items.
 {¶ 4} Officer Vrsansky testified that on February 1, 2003, while he and his partner, Officer Kemmett, were responding to a call he saw defendant and another man in an RTA shelter at East 55th Street and Woodland Avenue. Vrsansky observed defendant light a cigarette which caused a large flame and hand it to the other man who relit the cigarette, causing a large flame. According to Vrsansky, the men passed the cigarette back and forth to each other three or four times, relighting it each time.
 {¶ 5} Vrsansky and Kemmett proceeded to the rapid station which was the location of the original call. Upon their return to the area of East 55th Street and Woodland ten minutes later, they observed that defendant and the other man were still in the shelter even though buses had passed the area. According to Vrsansky, the men were "almost in a frozen state" (Tr. 27), and the other man, subsequently identified as John Fritcheard, was holding a cigarette. Vrsansky approached the men to check on their welfare and detected a strong "gassy type odor" (tr. 28) which he suspected to be the odor of PCP. On the bench between the men were two small vials which Vrsansky confiscated. He also confiscated the other man's cigarette which appeared discolored.
 {¶ 6} The officer read the men their Miranda rights and asked whether they were under the influence of PCP. According to Vrsansky, both men responded affirmatively. Vrsansky then asked the men if the vials belonged to them and they also responded affirmatively. The officer then called for EMS to ensure that the men could be transported.
 {¶ 7} On cross-examination, Vrsansky admitted that he could not be certain that defendant had smoked the discolored cigarette which he obtained from the other man in the bus shelter.
 {¶ 8} Officer Kemmett testified that when he and Vrsansky approached the men to check on them, they were initially unresponsive. The officers read the men their Miranda rights and continued to speak to them and they eventually admitted that they were "smoking some wet." (Tr. 52).
 {¶ 9} At the close of the state's case, defendant moved for acquittal of the charge. The trial court denied the motion and defendant elected to present evidence.
 {¶ 10} Defendant testified that he is a chef at Sushi Rock. On February 1, 2003, he attended a funeral for a friend. Following the burial, he attended a gathering at BJ's on East 55th Street. He left BJ's at 6:50 p.m. to catch a bus to go home. He waited for a Number 2 northbound bus at a shelter at East 55th and Woodland Defendant recognized John Fritcheard at the shelter and spoke to him briefly. He did not observe any cigarettes or vials at the shelter, did not detect any strange odors, and was minding his own business. Approximately five minutes later, RTA officers approached. Defendant denied telling the officers that he had been smoking PCP, and also denied that the officers called for EMS assistance.
 {¶ 11} Defendant also testified that the last time he was in trouble was in 1996.
 {¶ 12} On cross-examination, defendant admitted that he was convicted of probation violations in 1990 and 1997, and also admitted that he had "drug abuse issues" in 1997, 1998, and 1989.
 {¶ 13} The court found defendant guilty of the charge and sentenced him to twelve months of community control sanctions, referred for drug assessment, and ordered defendant to complete three months of electronic home detention. Defendant now appeals and assigns three errors for our review.
 {¶ 14} Defendant's first assignment of error states:
 {¶ 15} "The trial court erred in denying Appellant's motion for acquittal as to the charges when the state failed to present sufficient evidence that appellant was involved in and/or knowingly committed these crimes."
 {¶ 16} Within this assignment of error, defendant asserts that there is insufficient evidence to establish that he was in possession of PCP.
 {¶ 17} Crim.R. 29 provides:
 {¶ 18} "The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses."
 {¶ 19} An appellate court's function in reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. A verdict will not be disturbed on appeal unless reasonable minds could not reach the conclusion reached by the trier of fact. State v.Jenks (1991), 61 Ohio St.3d 259, 273, 574 N.E.2d 492.
 {¶ 20} The statute under which defendant was convicted provides:
 {¶ 21} "R.C. 2925.11 Possession of drugs.
 {¶ 22} "(A) No person shall knowingly obtain, possess, or use a controlled substance."
 {¶ 23} "Possession" means having "control over a thing or substance." R.C. 2925.01(K). Possession may be actual or constructive. State v. Haynes (1971), 25 Ohio St.2d 264,267 N.E.2d 787. To establish constructive possession, the evidence must demonstrate the defendant was able to exercise dominion or control over the item. State v. Wolery (1976),46 Ohio St.2d 316, 75 Ohio Op.2d 366, 348 N.E.2d 351. This Court has determined that usable drugs within a close proximity to a defendant may constitute circumstantial evidence and support the conclusion that the defendant had constructive possession. Statev. Barr (1993), 86 Ohio App.3d 227, 620 N.E.2d 242.
 {¶ 24} In this matter, the state's evidence demonstrated that defendant and the other man shared a cigarette which they continued to relight, causing a large flame and that both men appeared "in a frozen state" and unresponsive when the officers returned to the area. Although the other man had the cigarette which later tested positive for PCP, the vials with PCP residue were in close proximity to defendant. After being read their Miranda rights, the men admitted that they were under the influence of PCP. This evidence, if believed, would convince the average mind that defendant was able to exercise dominion or control over the vials and constituted sufficient evidence to support his conviction for possession of PCP. Accordingly, this assignment of error is without merit.
 {¶ 25} Defendant's second assignment of error states:
 {¶ 26} "Appellant's conviction is against the manifest weight of the evidence."
 {¶ 27} In reviewing a claim challenging the manifest weight of the evidence, we are directed as follows: "`the court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" State v. Thompkins, 78 Ohio St.3d 380, 387,1997-Ohio-52, 678 N.E.2d 541, quoting State v. Martin (1983),20 Ohio App.3d 172, 175, 485 N.E.2d 717.
 {¶ 28} Moreover, the power to reverse a judgment of conviction as against the manifest weight must be exercised with caution and in only the rare case in which the evidence weighs heavily against the conviction. State v. Martin, supra.
 {¶ 29} In this matter, the state's case demonstrated that defendant and the other man shared a cigarette which they continually relit, causing a large flame, that the cigarette tested positive for PCP, that vials of PCP residue were found on the bench between the men, that the men appeared unresponsive a short time later, and that they later admitted that they were under the influence of PCP. In opposition, defendant established that he was waiting for a bus to take him home, he recognized the other man in the shelter and spoke briefly to him, and was arrested a short time later. From the foregoing, it is clearly established that defendant and the other man interacted, and that drugs were found between the men in the shelter. Although defendant denied using drugs, the officers testified that they observed the men share a cigarette which they repeatedly relit, causing a large flame, and that the men later appeared under the influence of drugs. On this record, we cannot say that the evidence weighs heavily against the conviction or that the court lost its way and created a manifest miscarriage of justice in convicting defendant of drug possession. Accordingly, this assignment of error is without merit.
 {¶ 30} Defendant's third assignment of error states:
 {¶ 31} "The trial court erred when it considered a probation violation from 13 years ago and a prior conviction from 12 years ago in violation of Appellant's statutory and constitutional rights."
 {¶ 32} Evid.R. 609 provides for impeachment of a witness by evidence of conviction of a crime. It states, in relevant part:
 {¶ 33} "(A)(2) * * * evidence that the accused has been convicted of a crime is admissible if the crime was punishable by death or imprisonment in excess of one year pursuant to the law under which the accused was convicted and if the court determines that the probative value of the evidence outweighs the danger of unfair prejudice, of confusion of the issues, or of misleading the jury."
 {¶ 34} However, Evid.R. 609(B) places a time limit on the use of such information. It provides:
 {¶ 35} "Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement, or the termination of probation, or shock probation * * * unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect."
 {¶ 36} Therefore, Evid.R. 609 requires a trial court to find, by specific facts, that the probative value of the prior conviction outweighs its prejudicial effect. Further, stale convictions should be admitted only in rare circumstances, after the trial court has made specific findings on the record which reflect the facts and circumstances which justify the admission of the conviction. State v. Shepherd, Cuyahoga App. No. 81926, 2003-Ohio-3356, citing State v. Fluellen (1993),88 Ohio App.3d 18, 623 N.E.2d 98. A trial court has discretion to determine whether the evidence should be admitted, however. State v.Maddox (June 4, 1998), Cuyahoga App. No. 72765; State v.Waldon (Nov. 7, 1991), Cuyahoga App. No. 59596. Moreover, in a bench trial, it is presumed that the court considers only relevant, material, and competent evidence in reaching its decision. State v. Post (1987), 32 Ohio St.3d 380, 384,513 N.E.2d 754; State v. White (1986), 15 Ohio St.2d 146, 151,239 N.E.2d 65.
 {¶ 37} In this matter, the evidence of the 1989 and 1990 convictions was not admissible unless the court determined that the probative value of this evidence outweighed its prejudicial effect. Evid.R. 609(B). Because this matter was tried to the bench, however, we will presume that the court considered only relevant, material, and competent evidence in reaching its decision, and we therefore conclude that the court did not consider any inadmissible evidence in reaching its verdict. This assignment of error is without merit.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, J., Concurs.
 Cooney, J., Concurs in judgment only.