[Cite as *State v. Omawalli*, 2011-Ohio-2032.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 95020

---

# STATE OF OHIO

## PLAINTIFF-APPELLEE

## vs.

# ABDUL OMAWALLI

## DEFENDANT-APPELLANT

---

## JUDGMENT:
## AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-528482

BEFORE:    Sweeney, J., Boyle, P.J., and Celebrezze, J.

RELEASED AND JOURNALIZED:    April 28, 2011

ATTORNEY FOR APPELLANT

Thomas A. Rein, Esq.
Leader Building, Suite 940
526 Superior Avenue
Cleveland, Ohio 44114


ATTORNEYS FOR APPELLEE

William D. Mason, Esq.
Cuyahoga County Prosecutor
By: Robert Botnick, Esq.
Assistant County Prosecutor
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

JAMES J. SWEENEY, J.:

{¶ 1}  Defendant-appellant Abdul Omawalli (a.k.a. Jerry Jolly), appeals his convictions for felonious assault and kidnapping.  For the reasons that follow, we affirm.

{¶ 2}  At trial, the state presented the testimony of the victim David Sandifer ("Sandifer"), the victim's nephew Timothy Hawkins, and two officers.  Defendant offered the testimony of some neighbors, his sister, and himself.

{¶ 3} According to the record, Sandifer rented a house on Lawndale in the city of Cleveland from Judy Jolly who is defendant's sister. Ms. Jolly lived out of town but her mother, along with defendant, lived next door to Sandifer. In July of 2009, Ms. Jolly obtained an order from the court to evict Sandifer. Sandifer testified that he had decided to move out of the Lawndale property notwithstanding the eviction proceedings.

{¶ 4} On July 22, 2009, Sandifer returned to the Lawndale property where his belongings had been placed on the driveway by parties acting pursuant to the court order. Sandifer said he was retrieving his belongings when he was attacked and brutally beaten by defendant and another man named Rodney Glenn. He specifically recalled defendant sitting on top of him and hitting him. At one point, defendant became tired and asked to catch his breath. Sandifer recalled dragging himself to his car and driving away. Sandifer then encountered his nephew Timothy Hawkins, who took him to the hospital. Sandifer was hospitalized for several days with broken ribs and head injuries.

{¶ 5} Hawkins testified that he saw his uncle driving and saw Sandifer's injuries. Hawkins insisted on taking Sandifer to the hospital. Sandifer told Hawkins that defendant had attacked him.

{¶ 6} An officer responded to the hospital and made a report. Sandifer also provided a written statement to a police detective. Police presented

Sandifer with photo arrays from which he identified defendant and Rodney Glenn as the assailants. The detective also interviewed defendant who maintained that he attacked Sandifer in self-defense. Defendant told the detective that Glenn had assisted him in restraining Sandifer.

{¶ 7} Ms. Jolly testified that she instructed defendant to keep Sandifer off of her Lawndale property. She did not witness the July 22nd incident.

{¶ 8} Defendant testified that he saw Sandifer at the Lawndale property on July 22, 2009 and told Sandifer to leave the premises. Defendant, along with several other defense witnesses, testified that Sandifer appeared to be reaching for a weapon. Defendant admitted to hitting Sandifer but claimed he was defending himself. The men fell to the ground where defendant said he proceeded to search Sandifer for a weapon. Once defendant was satisfied that Sandifer was unarmed he went back to his mother's house.

{¶ 9} Contrary to his pretrial statement, defendant maintained at trial that he was not present when Glenn attacked Sandifer. Another witness stated that Glenn attacked Sandifer and took a gun from Sandifer's car. Defendant said he went back outside and left a towel beside Sandifer who was bleeding. Defendant said he did not call police because he did not feel sorry for Sandifer. None of the other alleged eyewitnesses called the police either.

{¶ 10} The trial court charged the jury with instructions that included complicity and self-defense instructions as well as charges on the lesser included offense of misdemeanor assault. Following the verdict, the court merged the convictions and imposed a three year prison term.

{¶ 11} "Assignment of Error I: The Trial Court Erred in Denying Appellant's Motion for Acquittal as to the Charges When the State Failed to Present Sufficient Evidence Against Appellant."

{¶ 12} An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Thompkins*, 78 Ohio St.3d 380, 386, 1997-Ohio-52, 678 N.E.2d 541.

{¶ 13} Defendant bases this assignment of error on his belief that there is insufficient evidence to conclude that he acted in complicity with Rodney Glenn.

{¶ 14} Construing the evidence in a light most favorable to the state, as we must, there was sufficient evidence to deny defendant's motions for acquittal. Sandifer testified that defendant assaulted him along with

Rodney Glenn. Sandifer denied provoking the incident and maintained that he did not have a weapon. Although defendant and others testified that Sandifer appeared to be reaching for a weapon, the evidence is unrefuted that Sandifer did not have a weapon on his person. Defendant admitted to the police that he hit Sandifer but claimed it was in self-defense. Defendant also told the detective that Glenn helped him restrain Sandifer. However, at trial defendant claimed that he was not there when Glenn attacked Sandifer. There was sufficient evidence presented from which reasonable minds could conclude that Glenn and defendant acted with complicity in attacking Sandifer.

{¶ 15} At trial, defendant again admitted that he hit Sandifer and restrained him and continued to maintain that he did so in self-defense.[1] Sandifer testified that he did not provoke the attack, he did not have a weapon and defendant and Glenn attacked him at the same time. Based on the evidence that was presented, the trial court did not err by denying defendant's motions for acquittal in this case. This assignment of error is overruled.

---

[1] To the extent defendant claimed self-defense, this was an affirmative defense, the determination of which is within the province of the jury, and is generally not relevant to an examination of the sufficiency of the evidence. *State v. Goff*, 128 Ohio St.3d 169, 2010-Ohio-6317, ¶36, 942 N.E.2d 1075.

{¶ 16} "Assignment of Error II: Appellant's convictions are against the manifest weight of the evidence."

{¶ 17} "Assignment of Error III: The trial court denied Appellant of his rights under the Sixth and Fourteenth Amendments to the U.S. Constitution and the Ohio Constitution when it did not permit proper and necessary cross-examination of a witness after the witness opened the door by lying under oath."

{¶ 18} Because we find defendant's arguments under these assignments of error interdependent, we address them together.

{¶ 19} To warrant reversal of a verdict under a manifest weight of the evidence claim, this court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether, in resolving conflicts in evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed and a new trial ordered. *Thompkins*, supra.

{¶ 20} Defendant contends the jury lost its way by convicting him. Defendant argues that the jury would not have convicted him if they were allowed to hear about Sandifer's prior conviction for carrying a concealed weapon. Defendant further contends that Sandifer lied about this conviction.

{¶ 21} During direct examination, Sandifer testified that he sometimes

carried a gun for work and did not carry one for any other purpose. On cross-examination, the defense, without prior notice to the state, attempted to elicit testimony from Sandifer regarding a 24-year-old conviction for carrying a concealed weapon. The state objected and the trial court held an extensive hearing on the matter, which included a voir dire examination of Sandifer. The defense maintained the conviction was admissible because Sandifer had lied about it by saying he had only carried a weapon for purposes of work. Sandifer stated that he had been driving passengers after work when he was stopped by police. Sandifer maintained that a passenger had placed the gun in his car. Sandifer stated he was charged with the offense because the gun was found in his car and further stated that he pled guilty to the offense upon the advice of his counsel. After the hearing, the trial court found Sandifer had not lied and excluded the evidence.

{¶ 22} On appeal, defendant refers to Evid.R. 609, Evid.R. 613(C) and relies on *State v. Billings* (1995), 103 Ohio App.3d 343, 659 N.E.2d 799, and *State v. Pickett*, Cuyahoga App. No. 88265, 2007-Ohio-3899.

{¶ 23} Evid.R. 609(A) and (B) provide:

{¶ 24} "(A) General rule

{¶ 25} "For the purpose of attacking the credibility of a witness:

{¶ 26} "(1) Subject to Evid.R. 403, evidence that a witness other than the accused has been convicted of a crime is admissible if the crime was

punishable by death or imprisonment in excess of one year pursuant to the law under which the witness was convicted.

**{¶ 27}** "(2) Notwithstanding Evid.R. 403(A), but subject to Evid.R. 403(B), evidence that the accused has been convicted of a crime is admissible if the crime was punishable by death or imprisonment in excess of one year pursuant to the law under which the accused was convicted and if the court determines that the probative value of the evidence outweighs the danger of unfair prejudice, of confusion of the issues, or of misleading the jury.

**{¶ 28}** "(3) Notwithstanding Evid.R. 403(A), but subject to Evid.R. 403(B), evidence that any witness, including an accused, has been convicted of a crime is admissible if the crime involved dishonesty or false statement, regardless of the punishment and whether based upon state or federal statute or local ordinance.

**{¶ 29}** "(B) Time limit

**{¶ 30}** "Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement, or the termination of community control sanctions, post-release control, or probation, shock probation, parole, or shock parole imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and

circumstances substantially outweighs its prejudicial effect. However, evidence of a conviction more than ten years old as calculated herein, is not admissible unless the proponent gives to the adverse party sufficient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence."

{¶ 31} In this case, the trial court determined that Sandifer had not lied or opened the door to the admission of the otherwise inadmissible 24-year-old conviction.[2] A trial court is afforded broad discretion in determining the extent to which such evidence may be admitted under Evid.R. 609. *State v. Wright* (1990), 48 Ohio St.3d 5, 548 N.E.2d 923, syllabus, ("Evid.R. 609 must be considered in conjunction with Evid.R. 403. The trial judge therefore has broad discretion in determining the extent to which testimony will be admitted under Evid.R. 609. When exercising this discretion, all relevant factors must be weighed."); see, also, *State v. Fluellen* (1993), 88 Ohio App.3d 18, 22, 623 N.E.2d 98 (in order to admit conviction over ten years old pursuant to Evid.R. 609(B) court must determine "that the probative value of

---

[2]Sandifer was asked during voir dire as to whether "there ever was a time in [his] life when he carried a gun not for his job?" and he said, "No. No. * * *." He was also asked this question in relation to "when [he] got convicted 24 years ago," and he said, "That was a situation where I didn't even know the pistol was in the car. That is what I am saying. I didn't even know where it was found at. When that was introduced to me, I was overwhelmed. I didn't even know." Finally, Sandifer was asked, "So you believe that to be the truth, you don't carry a gun unless you were at work?" He testified, "I believe that to be the truth. I know it's the truth."

the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect."). The trial court did not abuse its discretion by excluding testimony concerning Sandifer's 24-year-old conviction for carrying a concealed weapon pursuant to Evid.R. 609 and Evid.R. 403.

{¶ 32} *Billings* and *Pickett* are distinguishable from this case. In *Billings,* this court affirmed admission of a misdemeanor conviction, reasoning that it was admitted "not to impeach the defendant's credibility by showing conviction of a misdemeanor, but rather to demonstrate the defendant was not truthful about a specific incident involving the domestic violence issue." *Billings*, 103 Ohio App.3d at 346. In this case, the defense maintained that Sandifer's conviction was admissible to impeach his credibility, i.e. to prove that he was lying when he said he only carried a gun for work purposes.

{¶ 33} In *Pickett*, this court examined the extent to which the defense can inquire of a sexual assault victim pursuant to Evid.R. 608(B) as to his/her prior false allegations of sexual abuse. This court observed that "'[t]he decision to admit evidence of earlier misconduct of a witness for impeachment under Evid.R. 608(B) is within the sound discretion of the trial court.'" *Pickett*, 2007-Ohio-3899, ¶11, quoting, *State v. Drummond*, 111 Ohio St.3d 14, 2006-Ohio-5084, 854 N.E.2d 1038, at ¶100, quoting *State v. Boggs* (1992), 63 Ohio St.3d 418, 424, 588 N.E.2d 813. Evid.R. 608(B) provides:

**{¶ 34}** "Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness's character for truthfulness, other than conviction of a crime as provided in Evid.R. 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if clearly probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning the witness's character for truthfulness or untruthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified * * *."

**{¶ 35}** The trial court determined that Sandifer had not lied and that his 24-year-old conviction, therefore, would not be probative of his truthfulness. Accordingly, the trial court did not abuse its discretion by excluding this evidence pursuant to Evid.R. 608(B).

**{¶ 36}** Finally, defendant asserts that the evidence was admissible pursuant to Evid.R. 613(B) and (C) to the extent the 24-year-old conviction could be construed as a prior inconsistent statement or conduct by Sandifer. The court concluded that Sandifer's trial testimony was not inconsistent with his prior conviction for carrying a concealed weapon. The court's ruling is supported by the voir dire examination of Sandifer that occurred outside the presence of the jury. The exclusion of the 24-year-old conviction did not violate Evid.R. 613(B) or (C). The third assignment of error is overruled.

**{¶ 37}** There was ample testimony that supported the jury's verdict that found defendant guilty of felonious assault and kidnapping. The jury's verdict was not against the manifest weight of the evidence. The second assignment of error is overruled.

Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

JAMES J. SWEENEY, JUDGE

MARY J. BOYLE, P.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR