THE STATE OF OHIO, APPELLEE, *v.* MOORE, APPELLANT.

[Cite as State *v.* Moore (1985), 16 Ohio St. 3d 30.]

(No. 84-542—Decided April 3, 1985.)

Mr. Lynn C. Slaby, prosecuting attorney, and Mr. Philip D. Bogdanoff, for appellee.

Mr. J. Dean Carro and Appellate Review Office, School of Law, University of Akron, for appellant.

CELEBREZZE, C.J. The question posed by this appeal is whether an unarmed accomplice to an armed robbery, convicted of violating R.C. 2911.01(A)(1), is subject to the enhancement provision of R.C. 2929.71 as it existed prior to the amendment of R.C. 2929.71 effective July 1, 1983.

Prior to July 1, 1983, R.C. 2929.71 read in part as follows:

"(B) The court shall impose a term of actual incarceration of three years in addition to imposing an indefinite term of imprisonment pursuant to section 2929.11 of the Revised Code if the offender is convicted of, or pleads guilty to, a violation of division (A)(2) of section 2903.11 or 2903.12, division (A)(1) of section 2911.01, division (A)(2) of section 2911.11, or division (A)(3) of section 2917.02 of the Revised Code for which violation the use of a firearm, or the offender's having a firearm on or about his person or under his control, is an element of the offense.* * *"[1]

Appellant was found guilty of violating R.C. 2911.01(A)(1) which, at the time of appellant's conviction, read:

"No person, in attempting or committing a theft offense, as defined in section 2913.01 of the Revised Code, or in fleeing immediately after such attempt or offense, shall do either of the following:

---

[1] The remainder of R.C. 2929.71(B) read as follows:

"The additional term of actual incarceration shall be served consecutively with, and prior to, the indefinite term of imprisonment. If an offender is convicted of, or pleads guilty to, two or more violations for which a term of actual incarceration must be imposed under this division, all of the terms of actual incarceration for all of the violations shall be served consecutively and prior to any of the indefinite terms of imprisonment imposed for the violations."

"(1) Have a deadly weapon or dangerous ordnance, as defined in section 2923.11 of the Revised Code, on or about his person or under his control;"

R.C. 2911.01(B) read:

"Whoever violates this section is guilty of aggravated robbery, an aggravated felony of the first degree. If the deadly weapon that the offender had on or about his person or under his control in violating division (A)(1) of this section was a firearm, as defined in section 2923.11 of the Revised Code, the offender shall be sentenced to a term of actual incarceration of three years and an indefinite term of imprisonment pursuant to division (B) of section 2929.71 of the Revised Code."[2]

The parties herein agree that appellant was unarmed throughout the commission of the instant offense. Appellant contends that, as such, he is not subject to enhancement of his sentence pursuant to R.C. 2929.71(B), inasmuch as the state never established that appellant had a firearm on or about his person or under his control during the commission of the offense. The state maintains that, as long as appellant was found guilty of one of the offenses enumerated in R.C. 2929.71(B), enhancement under that same section is proper. We agree with the state's interpretation of R.C. 2929.71(B) as it existed prior to July 1, 1983.

At that time, R.C. 2929.71(B) specifically required enhancement of sentences for violations of R.C. 2903.11(A)(2), 2903.12(A)(2), 2911.01 (A)(1), 2911.11(A)(2) and 2917.02(A)(3). Each of the foregoing offenses has as an element thereof, generally, the use, possession, or control of a firearm. Nevertheless, there is no requirement that the state establish an additional element of possession or control of a firearm in order to invoke the enhancement provision under former R.C. 2929.71(B). Rather, all that is necessary is that the offender be convicted of or plead guilty to one of the offenses enumerated in R.C. 2929.71(B).[3]

In the case at bar, appellant was indicted for and convicted of, a violation of R.C. 2911.01(A)(1), a felony listed in former R.C. 2929.71(B). It follows that appellant is thus subject to enhancement of his sentence pursuant to R.C. 2929.71(B).

We are unpersuaded by appellant's argument that, as an unarmed accomplice, he is not subject to former R.C. 2929.71(B). At the time of appellant's conviction, R.C. 2929.71(B) spoke to convictions for a specified group of offenses and not to the necessity of establishing a further element of possession or control of a firearm. R.C. 2923.03(F) provides that an accomplice "shall be prosecuted and punished as if he were a principal

[2] R.C. 2911.01 was also amended effective July 1, 1983.

[3] R.C. 2929.71(A)(2) also provided that an additional three-year term of incarceration shall be imposed where the offender is found guilty of a felony other than those enumerated in former R.C. 2929.71(B) with the specification of having a firearm on or about his person or under his control while committing the felony. Cf. R.C. 2929.71, effective July 1, 1983.

offender." Furthermore, R.C. 2923.03(F) goes on to state: "A charge of complicity may be stated in terms of this section, or in terms of the principal offense."

This being the case, even accepting appellant's characterization of his role in this crime as one of "accomplice," appellant is criminally culpable to the same degree as the principal offender and, in fact, may be prosecuted for the principal offense. See, *e.g., State* v. *Graven* (1977), 52 Ohio St. 2d 112, 115-116 [5 O.O. 3d 98]. In this sense, appellant's conviction under R.C. 2911.01(A)(1) is identical in degree and quality to a conviction of a principal offender under the same section. Consequently, inasmuch as appellant concedes that his conviction for violating R.C. 2911.01(A)(1) was proper, enhancement under former R.C. 2929.71(B) was likewise proper.

We conclude, therefore, that prior to July 1, 1983, the sentence of an individual convicted of a violation of R.C. 2911.01(A)(1) was subject to enhancement pursuant to R.C. 2929.71(B), regardless of whether the offender was an unarmed accomplice or principal.

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

SWEENEY, LOCHER, HOLMES, C. BROWN, DOUGLAS and WRIGHT, JJ., concur.

