THE STATE OF OHIO, APPELLEE, *v.* CHAPMAN, APPELLANT.

[Cite as State *v.* Chapman (1986),
21 Ohio St. 3d 41.]

(No. 84-1958—Decided January 2, 1986.)

*Philip S. Schneider,* prosecuting attorney, for appellee.
*Darrell L. Heckman,* for appellant.

WRIGHT, J. This case raises the question of whether an unarmed ac-

complice to an armed robbery, convicted of violating R.C. 2911.01, may be sentenced to a mandatory three-year term under the enhancement provision of R.C. 2929.71. This court previously held that unarmed accomplices were subject to R.C. 2929.71 as it read prior to July 1, 1983. *State* v. *Moore* (1985), 16 Ohio St. 3d 30. We now reach the same conclusion with regard to the current version of R.C. 2929.71.

R.C. 2929.71(A) provides:

"The court shall impose a term of actual incarceration of three years in addition to imposing a life sentence pursuant to section 2907.02, 2907.12, or 2929.02 of the Revised Code or an indefinite term of imprisonment pursuant to section 2929.11 of the Revised Code, if both of the following apply:

"(1) The offender is convicted of, or pleads guilty to, any felony other than a violation of section 2923.12 [carrying a concealed weapon] of the Revised Code;

"(2) The offender is also convicted of, or pleads guilty to, a specification charging him with having a firearm on or about his person or under his control while committing the felony. The three-year term of actual incarceration imposed pursuant to this section shall be served consecutively with, and prior to, the life sentence or the indefinite term of imprisonment."

Because Chapman was convicted of aggravated robbery, a felony, and of a firearm specification, the statute mandates a three-year term of actual incarceration.

Chapman argues that R.C. 2941.141(A) precludes application of the enhancement provision to unarmed accomplices. R.C. 2941.141 provides:

"(A) Imposition of a term of actual incarceration upon an offender under division (A) of section 2929.71 of the Revised Code for having a firearm on or about his person or under his control while committing a felony is precluded unless the indictment, count in the indictment, or information charging the offense specifies that the offender did have a firearm on or about his person or under his control while committing the offense. * * *"

Chapman's argument ignores the language of R.C. 2923.03, which sets forth the crime of complicity. R.C. 2923.03(F) provides: "Whoever violates this section is guilty of complicity in the commission of an offense, and *shall be prosecuted and punished as if he were a principal offender. A charge of complicity may be stated* in terms of this section, or *in terms of the principal offense.*" (Emphasis added.) As provided for in this statute, Chapman, an accomplice in the crime of aggravated robbery, was charged as a principal under R.C. 2911.01(A), aggravated robbery, and R.C. 2941.141, a firearm specification. When he was convicted under both of these statutes, Chapman was properly "punished as if he were principal offender."

An individual indicted for and convicted of R.C. 2911.01, aggravated

robbery, and R.C. 2941.141, a firearm specification, is subject to a mandatory three-year term of actual incarceration under R.C. 2929.71, regardless of whether he was the principal offender or an unarmed accomplice. See *State* v. *Moore, supra.*

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES, C. BROWN and DOUGLAS, JJ., concur.