Defendant, Derrick Hanning, appeals from his conviction and sentence in the Franklin County Court of Common Pleas following his guilty plea to one count of robbery in violation of R.C. 2911.02. Defendant advances a single assignment of error, as follows:
 "The trial court erred when it bound the defendant over from juvenile court to stand trial as an adult on the grounds that he had a firearm on or about his person or under his control and displayed or used the firearm to facilitate the commission of the act charged."
On July 22, 1997, a complaint was filed with the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, against defendant, charging him with delinquency for his alleged commission of an aggravated robbery in violation of R.C. 2911.01. The complaint alleged that defendant committed the offense while armed with a deadly weapon or dangerous ordnance (a plastic BB gun) and a firearm as defined in R.C. 2923.11. On the same day, the Franklin County Prosecutor's Office filed a motion requesting the juvenile court relinquish its jurisdiction over the seventeen-year-old defendant pursuant to R.C.2151.26(B)(4)(b). The motion requested, in the alternative, that the juvenile court relinquish its jurisdiction pursuant to R.C. 2151.26(C)(1).
The juvenile court held a probable cause hearing on September 9, 1997. Prior to the commencement of testimony, the state moved to amend the complaint to delete the words "plastic gun BB gun" and to replace them with the words "Ruger .9mm handgun." (Tr. 5.) The state explained that it was requesting the amendment "just to clear up the confusion that we're going to show that a firearm was used in this offense."Id. The court allowed the amendment over defense counsel's objection.
At the hearing, the following facts were established by the state. On July 22, 1997, Regina Franz was working as a supervisor at a Friendly's Food and Ice Cream ("Friendly's") restaurant located at 4975 West Broad Street. Although the restaurant closed for business at 11:00 p.m., about nine employees remained at the store after closing. As Franz and two other employees were preparing to leave at approximately 12:40 a.m., a man appeared in the doorway. The man was wearing a mask and held a gun in his hand. The man took Franz and the other two employees to the office, which was located in the back of the restaurant, and asked Franz to open the safe. Franz complied and the man emptied the contents of the safe into a duffel bag. In addition to taking money, the man also took a metal baking pan which was used as a "change fund tray." While the first man emptied the safe, a second man, later identified as defendant, held the other six employees hostage with what appeared at the time to be a gun, but what was later determined to be a plastic "pellet" or BB gun. Once the safe was emptied, the two men left the store. Franz immediately called 9-1-1.
In response to the 9-1-1 call, Franklin County Sheriff's Deputy Mike Kirkpatrick and another officer in a separate cruiser pulled over a vehicle containing three suspects a few blocks from the restaurant. A loaded Ruger .9mm handgun lay on the seat beside the back seat occupant, who was later identified as Leandrow Fiero. Defendant was seated on the passenger side of the front seat. The driver of the car was later identified as James Imboden. A duffel bag containing money and a metal baking pan was recovered from the floor of the backseat; a Crossman pellet gun was found in the trunk.
Following his arrest, defendant gave a statement to Detective Al Judy of the Franklin County Sheriff's Department. According to defendant, Imboden was asleep in the back seat of the car when he and Fiero robbed the restaurant. Defendant carried a "fake" or "plastic" pellet gun; Fiero had a "real" gun, a .9mm.
At the close of the evidence, the state argued that the juvenile court was required to relinquish its jurisdiction over defendant and bind him over for trial as an adult. More specifically, the state maintained that, under the complicity statute, R.C. 2903.03, defendant's actions in aiding and abetting the co-defendant who actually possessed the firearm were sufficient to invoke the mandatory bindover provision of R.C. 2151.26(B)(4)(b). Counsel for defendant argued that R.C.2151.26(B)(4)(b) did not apply to defendant because he did not personally have a firearm in his possession or under his control during the commission of the robbery. The trial court acknowledged that defendant used only a pellet gun[1] and did not actually possess a firearm during the commission of the robbery. Notwithstanding this acknowledgement, the trial court applied the complicity statute to the mandatory bindover provision set forth in R.C. 2151.26(B)(4)(b) and bound defendant over for trial as an adult. The court explained its rationale both orally at the September 9, 1997 probable cause hearing and by written decision dated September 16, 1997:
 "As a Judge, this Court realizes that the criminal statutes are to be strictly construed. The Court also realizes that in adult court, if you're a complicitor, you're a complicitor. So whether or not you're the look-out or the person with the gun, you are equally culpable in the eyes of the law. And the question is, 'Should that be the same for juveniles?' And this Court's answer is, 'yes.'
 "In the Court's interpretation of this law, the Court believes that it would be patently absurd to say, 'If all other things being equal, the legislature is deciding to try people who are juveniles as adults because of their age and the severity of the offense.' And it would be absurd to say, 'Because I'm here with a plastic gun, and I have a friend in the next room with a real gun, and I'm waiving [sic] the gun in the air, and participating in this robbery; I am suddenly saved because I, and I alone know this, have a plastic gun.' This Court does find that the 'complicitor' is in the category which is covered by the gun specification."
Defendant was indicted on November 3, 1997 on one count of aggravated robbery and eight counts of kidnapping. Each of the nine counts included firearm specifications. As the result of a plea agreement with the state, defendant entered a guilty plea to one count of the stipulated lesser included offense of robbery without a firearm specification. A nolle prosequi was entered on all eight of the kidnapping counts. The trial court found defendant guilty and sentenced him to a term of seven years incarceration. Defendant now appeals, challenging the juvenile court's application of the complicity statute to the mandatory bindover provision of R.C. 2151.26(B)(4)(b).
The juvenile court has exclusive original jurisdiction over matters pertaining to children who are alleged delinquent. R.C. 2151.23(A)(1); State v. Wilson (1995), 73 Ohio St.3d 40,43. Under certain circumstances, however, the juvenile court may relinquish its jurisdiction over an alleged delinquent juvenile and bind the juvenile over to the general division of the common pleas court for prosecution as an adult. Under R.C.2151.26(C)(1), the juvenile court has the discretionary authority to relinquish its jurisdiction over a juvenile offender where it finds, after a hearing, that the juvenile was fourteen years of age or older at the time of the act charged; that there is probable cause to believe that the juvenile committed an act that would be a felony if committed by an adult; and that, after an investigation, including a mental examination of the juvenile[2] and consideration of all relevant information and factors, including the factors listed in R.C.2151.26(C)(2), that there are reasonable grounds to believe the juvenile is not amenable to care or rehabilitation in the juvenile system and the safety of the community requires the juvenile be placed under legal restraint for the period extending beyond the juvenile's age of majority.
Pursuant to R.C. 2151.26(B), the juvenile court is required under certain circumstances to bind a juvenile over without making a determination as to whether or not the juvenile is amenable to treatment and rehabilitation within the juvenile system. One such circumstance is set forth in R.C.2151.26(B)(4)(b), which states:
 "(B) After a complaint has been filed alleging that a child is a delinquent child for committing an act that would be an offense if committed by an adult, the court at a hearing shall transfer the case for criminal prosecution to the appropriate court having jurisdiction of the offense if the child was fourteen years of age or older at the time of the act charged, if there is probable cause to believe that the child committed the act charged, and if one or more of the following applies to the child or the act charged:
"* * *
 "(4) The act charged is a category two offense[3], other than a violation of section 2905.01
of the Revised Code, the child was sixteen years of age or older at the time of the commission of the act charged, and either or both of the following apply to the child:
"* * *
 "(b) The child is alleged to have had a firearm[4] on or about the child's person or under the child's control while committing the act charged and to have displayed the firearm, brandished the firearm, indicated possession of the firearm, or used the firearm to facilitate the commission of the act charged."
By his assignment of error, defendant claims that he was not susceptible to transfer from the juvenile court for criminal prosecution as an adult under R.C. 2151.26(B)(4)(b) because that subsection of the statute does not specifically include "aiding or abetting" or "complicity," as defined by R.C.2903.03, as grounds for mandatory transfer, but, rather, pertains only to juveniles who personally had a firearm on or about their person or under their control during the commission of a category two offense and brandished, indicated possession of, or used the firearm to facilitate the commission of the offense. Defendant does not dispute the fact that he was seventeen years of age at the time of the commission of the act, or that the act for which he was charged, aggravated robbery, constitutes a category two offense. Rather, defendant argues that because he merely aided and abetted the co-defendant, who actually possessed the firearm, he is not subject to transfer under R.C.2151.26(B)(4)(b). Defendant further contends that if he is subject to transfer at all, he must be transferred under R.C.2151.26(C)(1). Defendant therefore seeks a remand for further proceedings under that section.
When interpreting statutes, this court must begin its analysis with an examination of the statute's express terms.State ex rel. Cuyahoga Cty. v. State Personnel Bd. of Review
(1998), 82 Ohio St.3d 496, 498. If "the statute conveys a meaning which is clear, unequivocal and definite, * * * the interpretative effort is at an end, and the statute must be applied accordingly." Provident Bank v. Wood (1973), 36 Ohio St.2d 101,105-106. In other words, if the language in the statute clearly expresses the General Assembly's intent in enacting the statute, then "'[a court] need look no further.'"Id. at 106, quoting Katz v. Department of Liquor Control
(1957), 166 Ohio St. 229, 231. "Courts must give effect to the words of a statute and may not modify an unambiguous statute by deleting words used or inserting words not used." State v.Waddell (1995), 71 Ohio St.3d 630, 631.
The language used in R.C. 2151.26(B)(4)(b) in defining the circumstances under which the juvenile court must transfer a juvenile for adult criminal prosecution does not include aiding and abetting, complicity, or accomplice liability. The statute expressly and unequivocally provides that the juvenile himself must have had the firearm on or about his person or under his control and must also have displayed, brandished, indicated possession of or used the firearm to facilitate the commission of the act charged. It cannot be assumed, in the absence of language indicating such intention, that the General Assembly intended the juvenile courts to apply automatically the actions of a principal offender in using a firearm in the commission of a category two offense to a juvenile accomplice when determining whether or not the juvenile must be bound over for trial as an adult. In short, this court must assume that the General Assembly's omission of accomplice liability language in R.C. 2151.26(B)(4)(b) was intentional and we will not construe the statutory language otherwise.
Furthermore, contrary to the trial court's reasoning, the absence of the application of the complicity statute to R.C.2151.26(B)(4)(b) would not "save" the juvenile from the consequences of his actions, as the juvenile court could exercise its discretionary authority and bind the juvenile over under R.C. 2151.26(C)(1). The discretion of the juvenile court to consider the seriousness of the juvenile's transgressions remains intact. See State v. Watson (1989),47 Ohio St.3d 93, syllabus.
The state relies upon State v. Chapman (1986), 21 Ohio St.3d 41, in support of its contention that the complicity statute is applicable to the mandatory bindover criteria set forth in R.C.2151.26(B)(4)(b). The issue decided in Chapman was whether an adult unarmed accomplice to an armed robbery, convicted of violating R.C. 2911.01, could be sentenced to a mandatory three year term of actual incarceration under the enhancement provision of R.C. 2929.71. The Ohio Supreme Court held that "[a]n individual indicted for and convicted of R.C. 2911.01, aggravated robbery, and R.C. 2941.141, a firearm specification, is subject to a mandatory three-year term of actual incarceration under R.C. 2929.71, regardless of whether he was the principal offender or an unarmed accomplice. (State v.Moore [1985], 16 Ohio St.3d 30, followed.)" Id. at syllabus. The issue raised in the instant case, whether the complicity statute can be used to apply automatically the actions of a principal offender in using a firearm in the commission of a felony to a juvenile accomplice when determining whether or not the juvenile must be bound over for trial as an adult, was neither raised nor decided in Chapman. Accordingly, we findChapman inapplicable to the instant case.
The state also relies on two unreported cases from other appellate districts in support of its contention that the complicity statute should apply to the bindover criteria set forth in R.C. 2151.26(B)(4)(b). Initially, we note that unreported cases from other appellate districts are not binding on this court. Furthermore, the cases are either factually distinguishable from the instant case or provide no analysis in support of the conclusions reached.
In State v. Davis (Oct. 3, 1997), Clark App. No. 96 CA 116, unreported, Davis and his co-defendant, Dixon, both juveniles, approached two young boys. Dixon held one of the boys in a headlock, placed a gun to the boy's neck, and demanded money, as Davis, who was unarmed, physically restrained the other boy and ask for money. When the boy denied having any money, Davis said "[g]ive me your money or I'll have my boy (Dixon) shoot you." Davis and Dixon were both charged with two counts of aggravated robbery, including firearm specifications, and were bound over to the adult division of the common pleas court pursuant to R.C. 2151.26(B)(4)(b). Davis challenged the bindover, asserting that he never had control over the firearm possessed by Dixon during the commission of the crime. The court upheld the bindover, finding that although the state's evidence at trial established that Dixon actually displayed and brandished the firearm, Davis also had control over the firearm as indicated by his statement, "[g]ive me your money, or I'll have my boy shoot you." The court held that "this statement was sufficient evidence of Davis' control over the firearm to satisfy R.C. 2151.26(B)(4)(b)." The court also noted, with no analysis and almost as an afterthought, that "[f]uthermore, Davis aided and abetted Dixon, who possessed the firearm, in robbing Rudy. R.C. 2923.03(A)(2), (F)." Although the complicity statute is briefly mentioned, it is clear that the court's substantive basis for upholding the bindover was the fact that Davis had exerted some control over the firearm.
We find the state's reliance upon Davis unpersuasive for two reasons. First, the instant case is factually distinguishable from Davis. There was no allegation made at the probable cause hearing that defendant exerted any type of control over the firearm used by Fiero. Secondly, as noted previously, no analysis accompanies the court's application of the complicity statute to the bindover criteria set forth in R.C.2151.26(B)(4)(b).
The other unreported case relied upon by the state isState v. Collins (June 3, 1998), Lorain App. No. 97CA006845, unreported. In that case, Collins' two co-defendants used a firearm in robbing a restaurant while Collins waited outside in the getaway car. As a result, Collins, a juvenile, was charged with robbery and kidnapping with firearm specifications. The firearm specifications were based on Collins' actions in aiding and abetting the co-defendant who actually possessed the firearm. Collins was bound over to the common pleas court to be tried as an adult pursuant to R.C. 2151.26(B)(4)(b). The court upheld the bindover, relying upon Davis and a 1997 Attorney General Opinion (1997 Ohio Atty. Gen. Ops. No-97-014) advising that "* * * if the charge of a particular offense would invoke the mandatory bindover provisions of R.C. 2151.26, then the charge of complicity in that offense, pursuant to R.C. 2923.03, would also invoke those mandatory bindover provisions". Although the instant case is factually more similar to Collins
than to Davis, we find the holding in Collins unpersuasive because it is based upon Davis, an opinion we have already rejected as stating a conclusion with no clear reasoning, and an attorney general opinion that is not binding on this court and with which we disagree.
For all the foregoing reasons, we hold that the juvenile court erred in binding defendant over for adult criminal prosecution upon a finding that defendant's actions in aiding and abetting the co-defendant who actually possessed a firearm during the commission of an aggravated robbery were sufficient to invoke the mandatory bindover provision of R.C.2151.26(B)(4)(b). Accordingly, we sustain defendant's assignment of error, reverse defendant's conviction and sentence, and remand the cause to the Franklin Count Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, for further proceedings under R.C. 2151.26(C)(1).
Judgment reversed; cause remanded.
BOWMAN and LAZARUS, JJ., concur.
[1] A pellet or BB gun does not constitute a "firearm" as defined in R.C. 2923.11(B). State v. Gray (1984), 20 Ohio App.3d 318,319. R.C. 2923.11(B) defines a "firearm" as "any deadly weapon capable of expelling or propelling one or more projectiles by the action of an explosive or combustible propellant. 'Firearm' includes an unloaded firearm, and any firearm which is inoperable but which can readily be rendered operable."
[2] Pursuant to R.C. 2151.26(C)(3), a juvenile may waive the examination required by R.C. 2151.26(C)(1) if the court finds that the waiver is competently and intelligently made.
[3] Aggravated robbery, a violation of R.C. 2911.01, is a "category two offense." R.C. 2151.26(A)(2)(a).
[4] Pursuant to R.C. 2151.26(A)(3), "[f]irearm has the same meaning as in section 2923.11 of the Revised Code."