On July 16, 1998, the Stark County Grand Jury indicted appellant, Raymond James Jackson, on one count of complicity to commit felonious assault with a firearm specification in violation of R.C. 2923.03, R.C. 2903.11 and R.C. 2941.141. Said charge arose from an incident on June 4, 1998 wherein one Dennis Hinkel was shot by appellant's co-defendant, Esmond Neal.
Prior to trial, appellant made a motion in limine to exclude other acts evidence. Specifically, appellant sought to exclude evidence of his involvement in an attempted aggravated robbery of the victim which had occurred one month prior to the shooting incident. The trial court granted the motion only to the extent appellee, the State of Ohio, could not discuss the prior act in opening statement.
A jury trial commenced on September 8, 1988. The jury found appellant guilty as charged. By judgment entry filed September 16, 1998, the trial court sentenced appellant to eight years in prison with an attendant three year sentence for the firearm specification.
Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
I
 THE JUDGMENT RENDERED BY THE TRIAL COURT WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE.
II
 THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY ADMITTING EVIDENCE OF APPELLANT'S ALLEGED PRIOR ACTS AGAINST VICTIM AND THEREBY AFFECTED THE SUBSTANTIAL RIGHTS OF APPELLANT.
III
 THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY DENYING APPELLANT'S MOTION FOR A NEW TRIAL AND BY SENTENCING APPELLANT TO A DEFINITE TERM OF 3 YEARS FOR A FIREARM SPECIFICATION.
IV
 THE TRIAL COURT VIOLATED APPELLANT'S DUE PROCESS RIGHTS AS MANDATED BY THE UNITED STATES CONSTITUTION BY ITS FAILURE TO NOTIFY APPELLANT OF THE SPECIFICS OF POST-CONVICTION RELIEF CONTROL AS REQUIRED BY THE OHIO REVISED CODE.
V
 TRIAL COUNSEL'S FAILURE TO PRESENT ANY DEFENSE, APPROPRIATELY CROSS-EXAMINE WITNESSES OR ARTICULATE A WELL-THOUGHT OPENING AND CLOSING STATEMENT CONSTITUTED INEFFECTIVE ASSISTANCE OF COUNSEL.
VI
 STATEMENTS MADE BY THE PROSECUTOR IN HIS CLOSING STATEMENT WERE SO PREJUDICIAL TO APPELLANT'S RIGHT TO A FAIR TRIAL THAT THEY RESULTED IN A MISCARRIAGE OF JUSTICE.
 I
Appellant claims his conviction was against the manifest weight of the evidence and the sufficiency of the evidence. We disagree.
On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991),61 Ohio St.3d 259. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983),20 Ohio App.3d 172, 175. See also, State v. Thompkins (1997),78 Ohio St.3d 380. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175.
Appellant was convicted of complicity to commit felonious assault in violation of R.C. 2923.03 and R.C. 2903.11 which state as follows, respectively:
Complicity.
 (A) No person, acting with the kind of culpability required for the commission of an offense, shall do any of the following:
 (1) Solicit or procure another to commit the offense;
(2) Aid or abet another in committing the offense;
 (3) Conspire with another to commit the offense in violation of section 2923.01 of the Revised Code;
 (4) Cause an innocent or irresponsible person to commit the offense.
 Felonious assault.
(A) No person shall knowingly:
 (1) Cause serious physical harm to another or to another's unborn;
 (2) Cause or attempt to cause physical harm to another or another's unborn by means of a deadly weapon or dangerous ordnance, as defined in section 2923.11 of the Revised Code.
The thrust of appellant's argument is that appellee failed to prove appellant had any knowledge of the firearm in Mr. Neal's possession.
The victim, Mr. Hinkel, testified appellant and Mr. Neal drove around his residence three to four times. T. at 215. The vehicle stopped, appellant exited the passenger's side, Mr. Neal exited the driver's side and both men approached Mr. Hinkel. T. at 216. Mr. Hinkel opined appellant cutoff his retreat. T. at 218, 275-276, 283. Mr. Hinkel observed an unconcealed firearm in Mr. Neal's right hand by his waist before he was shot. T. at 218. Both men jumped back into the vehicle and fled the scene. After being cross-examined and re-examined on appellant's actions, Mr. Hinkel testified as follows:
 A. I don't remember exactly my statement, but when he got out I headed toward the front of my car. That's when I got out of my front seat and back up, got to the front of my car and he was coming that way.
T. at 283.
Based upon our review, we find sufficient evidence, if believed, to support appellant's conviction and no manifest miscarriage of justice.
Assignment of Error I is denied.
 II
Appellant claims the trial court erred in permitting evidence of a prior incident between appellant and Mr. Hinkel. We disagree.
The admission or exclusion of evidence rests in the trial court's sound discretion. State v. Sage (1987), 31 Ohio St.3d 173. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. Pursuant to Evid.R. 404(B) and R.C. 2945.59, "other acts" evidence may be admissible to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." The Supreme Court of Ohio expounded on the cited rule and statute in State v. Broom (1988), 40 Ohio St.3d 277,281-282, as follows:
 Because R.C. 2945.59 and Evid.R. 404(B) codify an exception to the common law with respect to evidence of other acts of wrongdoing, they must be construed against admissibility, and the standard for determining admissibility of such evidence is strict. * * * Neither the rule nor the statute contains the words 'like' or 'similar.' The rule and statute contemplate acts which may or may not be similar to the crime at issue. If the other act does in fact 'tend to show' by substantial proof any of those things enumerated, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident, then evidence of the other act may be admissible. * * * (Citations omitted.)
Mr. Hinkel testified he recognized both men from a prior incident wherein they attempted to rob him (T. at 210):
 Q. I want to take you back to when you were shot on June 4th, 1998. Did the Defendant [Mr. Neal] say anything to you before he shot you?
A. Yes.
Q. What did he say?
A. He said, 'Do you remember me?'
Q. Did that make sense to you?
A. Yes, it did.
Q. Why?
 A. Because prior to that day about a month prior to that these two guys tried to rob my wife and I at that same residence.
We find this testimony specifically qualifies under "identity" in so much as Mr. Neal's question triggered Mr. Hinkel's recollection of the prior incident. Further, both appellant and Mr. Neal were together at the prior incident and were together at the incident sub judice establishing "motive" or "plan."
Upon review, we find the evidence qualified under Evid.R. 404(B) and the trial court did not err in permitting its admission.
Assignment of Error II is denied.
 III
Appellant claims the trial court erred in denying his motion for new trial based upon the jury instructions and verdict form. Specifically, appellant claims the jury instructions and verdict form were confusing in regard to the firearm specification. We disagree.
The trial court has discretionary authority in its duty to instruct on the law as it pertains to the case. State v. Nelson
(1973), 36 Ohio St.2d 79; Blakemore.
The trial court's instructions on the firearm specification were as follows:
 This Defendant has been charged with a specification to Count Two in that the State charges that the Defendant Raymond Jackson had a firearm on or about his person or under his control while committing the offense of complicity to commit felonious assault against Dennis Hinkle, and displayed the firearm, brandished the firearm or even used it to facilitate the offense of complicity to commit felonious assault or aided or abetted another in so displaying the firearm, brandishing the firearm, indicating that the offender possessed the firearm or used the firearm to facilitate the offense of complicity to commit felonious assault.
T. at 564-565.
The trial court reviewed the verdict form with the jury as follows:
 'Count Two. We the jury being duly impaneled and sworn do find Raymond Jackson,' and a space for the insertion of the word 'guilty' or the words 'not guilty' of complicity to commit felonious assault,' with lines for the signatures of the concurring jurors.
 'Note. If you find the Defendant guilty of this charge, please consider the following. We the jury further find the Defendant Raymond Jackson had a firearm on or about his person or under his control while committing the offense of complicity to commit felonious assault as charged in Count Two,' and a space for the insertion of the word 'did' or 'did not' display the firearm, brandish the firearm, indicate that he possessed the firearm or use it to facilitate the offense,' or a space for the insertion of the word 'did' or 'did not' aid or abet another in so doing, again with lines for the signature of the concurring jurors.
T. at 567-568.
The jury returned the following verdict:
 We the jury being duly impaneled and sworn do find the Defendant Raymond Jackson guilty of complicity to commit felonious assault as charged in Count Two of the indictment. This is signed on the 11th day of September 1998 by 12 jurors.
 With regard to the specification, we the jury further find that the Defendant Raymond James Jackson did not have a firearm on or about his person or under his control while committing the offense of complicity to commit felonious assault as charged in Count Two and did not display the firearm, brandish the firearm, indicate that he possessed the firearm or use it to facilitate the offense or did aid or abet another in so doing. The response is did to the third portion. This is signed on the 11th day of September 1998 by 12 jurors.
T. at 588-589.
Defense counsel did not object to either the jury instructions or the verdict from although he did question the language of the verdict form prior to closing argument:
 THE COURT: Count Two of the verdict form says Raymond Jackson did or did not or guilty or not guilty complicity to commit felonious assault. You are saying you want more language in that?
 MR. HAUPT: Only to the respect that it requires the same with the kind of criminal culpability required for the commission of felonious assault.
 THE COURT: Well, is that not covered in the instructions sufficiently?
MR. HAUPT: It is, Your Honor.
T. at 499.
Crim.R. 30(A) states in pertinent part "[o]n appeal, a party may not assign as error the giving or the failure to give any instructions unless the party objects before the jury retires to consider its verdict, stating specifically the matter objected to and the grounds of the objection." We find defense counsel's statements prior to closing argument did not rise to the level of an objection as contemplated by Crim.R. 30(A) and there appears to have been an assent to the trial court's decision. The issue of the firearm specification was not raised until after the jury had returned its verdict, been polled and excused.
Furthermore, under State v. Chapman (1986), 21 Ohio St.3d 41, syllabus, the jury was properly instructed on the firearm specification:
 An individual indicted for and convicted of R.C. 2911.01, aggravated robbery, and R.C. 2941.141, a firearm specification, is subject to a mandatory three-year term of actual incarceration under R.C. 2929.71, regardless of whether he was the principal offender or an unarmed accomplice. (State v. Moore [1985], 16 Ohio St.3d 30, followed.)
Based upon this reasoning and our review of the jury instructions and the verdict form as a whole, we find the trial court did not err in denying the motion for new trial.
Assignment of Error III is denied.
 IV
Appellant claims the trial court erred in not specifically informing him of "postconviction relief control" pursuant to R.C. 2929.19(B)(3). We disagree.
R.C. 2929.19(B)(3)(b) and (c) mandate notification by the trial court of postconviction relief control, but do not specify the manner of notification:
 (3) Subject to division (B)(4) of this section, if the sentencing court determines at the sentencing hearing that a prison term is necessary or required, the court shall do all of the following:
 (b) Notify the offender that the parole board may extend the stated prison term if the offender commits any criminal offense under the laws of this state or the United States while serving the prison term, that the extension will be done administratively as part of the offender's sentence in accordance with section 2967.11 of the Revised Code and may be for thirty, sixty, or ninety days for each violation, that all extensions of any stated prison term for all violations during the course of the term may not exceed one-half of the term's duration, and that the sentence so imposed automatically includes any extension of the stated prison term by the parole board;
 (c) Subject to division (B)(4) of this section, if the offender is being sentenced for a felony of the first degree, for a felony of the second degree, for a felony sex offense, as defined in section 2967.28 of the Revised Code, or for a felony of the third degree that is not a felony sex offense and in the commission of which the offender caused or threatened to cause physical harm to a person, notify the offender that a period of post-release control pursuant to section 2967.28 of the Revised Code will be imposed following the offender's release from prison;
By judgment entry filed September 22, 1998, the trial court stated the following:
 The Court has notified the defendant that bad time may be imposed by the Parole Board under Revised Code Section 2967.11 for certain rule violations committed while in prison. The defendant is ordered to serve as part of this sentence any bad time imposed.
 The Court has further notified the defendant that post release control is mandatory in this case up to a maximum of three (3) years, as well as the consequences for violating conditions of post release control imposed by the Parole Board under Revised Code Section 2967.28. The defendant is ordered to serve as part of this sentence any term of post release control imposed by the Parole Board, and any prison term for violation of that post release control.
Under the general principles of law, a court only speaks through its record. State ex rel. Worcester v. Donnellon
(1990), 49 Ohio St.3d 117. Upon review, we find the record subjudice sufficiently meets the requirements of R.C.2929.19(B)(3) therefore, there is no need for resentencing on this matter.[1]
Assignment of Error IV is denied.
 V
Appellant claims his trial counsel was ineffective. We disagree.
The standard this case must be measured against is set out inState v. Bradley (1989), 42 Ohio St.3d 136, 142, certiorari denied 110 S.Ct. 3258. Appellant must establish two criteria:
 1) [C]ounsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition.
2) [P]rejudice arises from counsel's performance.
Appellant must further establish ". . . but for counsel's unprofessional errors, the result of the proceedings would have been different." Strickland v. Washington (1984), 466 U.S. 668,696.
Appellant argues his trial counsel did not effectively cross-examine Detective David Wright because defense counsel brought out the fact that appellant's fingerprints were found in a vehicle described by Mr. Hinkel as the vehicle being driven by Mr. Neal on the night in question and later found abandoned:
 Q. I didn't want to confuse you. I apologize. I just want to point out that these fingerprints, of course, were that of my client Raymond Jackson and those were your markings?
 A. Again those are not my markings. Those are the crime lab marks.
Q. Okay. But that's what it corresponds to?
A. Yes, sir, according to the crime lab report.
T. at 346.
A subsequent witness for appellee, Mike Short, a criminalist with the Canton-Stark County Crime Lab, testified to appellant's fingerprints. T. at 445. We find no ineffectiveness on this issue because the evidence was provided on direct by appellee through the testimony of Mr. Short.
Appellant also argues his trial counsel should have objected to the following hearsay testimony of Detective Ralph Ketchem:
 Q. In your investigation at that point had you received any lead as far as the identity of the people that were involved in the shooting?
 A. At that point, no. When I talked to Mr. Hinkel he knew one of the perpetrators and that was Mr. Jackson, but he didn't know him as Mr. Jackson. He knew him as T. That's all he knew him as.
T. at 375.
Mr. Hinkel had testified prior to Detective Ketchem and had positively identified appellant in open court. The statement was not offered for the "truth of the matter asserted" and therefore did not qualify as hearsay. See, Evid.R. 801(C).
Lastly, appellant claims his trial counsel did not object to the prosecutor's statement in closing argument that appellant had attempted to cutoff and trap Mr. Hinkel. As previously noted in Assignment of Error I, Mr. Hinkel opined on three occasions during his testimony that appellant blocked his escape. T. at 218, 275-276, 283.
Upon review, we find no evidence of ineffective assistance of trial counsel.
Assignment of Error V is denied.
 VI
Appellant claims the prosecutor's statements in closing argument were improper and prejudicially affected his substantial rights. We disagree.
The test for prosecutorial misconduct is whether the prosecutor's comments and remarks were improper and if so, whether those comments and remarks prejudicially affected the substantial rights of the accused. State v. Lott (1990),51 Ohio St.3d 160, certiorari denied (1990), 112 L.Ed.2d 596. In reviewing allegations of prosecutorial misconduct, it is our duty to consider the complained of conduct in the context of the entire trial. Darden v. Wainwright (1986), 477 U.S. 168.
Appellant argues the prosecutor's comments regarding appellant's "blocking" of Mr. Hinkel and the prosecutor's act of holding up a firearm and suggesting it was the firearm appellant had were prejudicial. As previously discussed, the statements about appellant "blocking" Mr. Hinkel's escape were advanced from Mr. Hinkel's direct testimony. T. at 218, 275-276, 283. The suggestion implying that appellant had a firearm (the second firearm found near the vehicle, State's Exhibit 6) was a reasonable inference given the fact Mr. Hinkel saw Mr. Neal holding only one firearm (State's Exhibit 1A). Furthermore, the trial court instructed the jury statements of counsel made in opening statement and closing argument "are not evidence." T. at 555. The jury heard no fingerprints were found on the firearm (T. at 441) and Mr. Hinkel did not testify to seeing a firearm in appellant's hand.
Upon review, we find no evidence of prosecutorial misconduct.
Assignment of Error VI is denied.
The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
By Farmer, J., Hoffman, P.J. and Edwards, J. concur.
--------------------------
--------------------------
 -------------------------- JUDGES
[1] Clearly the safer choice is to inform the defendant in open court as is done with rights of appeal. Given this assignment is raised on direct appeal, we find appellant to be sufficiently notified of the "postconviction release control" mandates.