**The STATE of Ohio, Appellee,**

**v.**

**AGEE, Appellant.**

[Cite as *State v. Agee* (1999), 133 Ohio App.3d 441.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 17234.

Decided May 21, 1999.

442

*Mathias H. Heck, Jr.,* Montgomery County Prosecuting Attorney, and *George A. Katchmer,* Assistant Prosecuting Attorney, for appellee.

*Anthony R. Cicero* and *Carl G. Goraleski,* Montgomery County Assistant Public Defenders, for appellant.

FREDERICK N. YOUNG, Judge.

Defendant–appellant Jacob Agee was transferred from the Montgomery County Court of Common Pleas, Juvenile Division, to the general division for criminal prosecution as an adult under the mandatory bindover provisions of R.C. 2151.26(B)(3) and (4). He later was convicted of murder, aggravated robbery, and aggravated burglary, with firearm specifications attached to each count. Agee now timely appeals.

On April 7, 1997, a complaint was filed in the juvenile division charging Agee with one count of aggravated murder contrary to R.C. 2903.01(B) and one count of aggravated robbery contrary to R.C. 2911.01(A)(1), with a firearm specification attached to each count. The state filed a motion to transfer the case from the juvenile division to the general division on April 11, 1997, pursuant to R.C. 2151.26(B)(3) and (4). At a hearing on the motion on June 4 and 5, 1997, the evidence was determined to be:

On the afternoon of April 2, 1997, Agee, born May 21, 1980, visited the home of his friend Nicholas Busbee. Agee showed Busbee a chrome Derringer with a pearl handle. Busbee testified that he and Agee had gone to two locations where Agee had attempted to sell the gun. Agee was unsuccessful at selling the Derringer, but he did acquire four or five bullets. That afternoon Busbee watched as Agee test-fired the gun twice.

At approximately 11:30 that evening, Agee, Bryan Singleton, and their friend Ashley picked up Bradley Fannin, who was walking on Alex Bell Road. While riding in the back seat, Agee showed Fannin the gun. Fannin testified that while showing him the gun, Agee explained how, for the last three days, he had been thinking of "pulling a 187." "187" is a code for murder.

Agee also spoke to Fannin about robbing the Sunoco station located at the intersection of Springboro Pike and Alex Bell Road. Agee explained that Singleton had previously worked there and knew where the safe was located. Agee also stated that he had been watching the Sunoco station for four months and knew that surveillance cameras were not going to be installed for several more months. Fannin testified that Agee and Singleton had tried to recruit him and Ashley to participate in the robbery, but they both had declined. Later that night the Sunoco station was robbed. The clerk, Margaret Chain, died from two bullet wounds to the head.

Busbee testified that Agee had come to his house again the next morning at approximately 8:30 and had told him how he and Singleton had robbed the Sunoco station without any masks and how Singleton had shot the clerk twice in the head. Agee then hid the gun in a bag under rocks in Holes Creek, where he told Busbee he would retrieve it after things "cooled off."

At the close of the hearing, the juvenile division found that probable cause did exist to transfer Agee to the general division. Agee filed a motion for an amenability hearing on June 16, 1997; the state responded on June 19, 1997. On July 7, 1997, Agee filed a motion to re-open the probable cause hearing based on newly acquired evidence. On July 8, 1997, the juvenile division denied Agee's motions and transferred him to the general division.

On July 10, 1997, Agee filed a motion and memorandum for stay of execution with this court, and the state responded by filing a motion to dismiss. We granted the state's motion on August 5, 1997, because Agee's appeal was not based on a final appealable order. See *State v. Agee* (Aug. 5, 1997), Montgomery App, No. 16660, unreported.

Agee was indicted in the general division by the Montgomery County Grand Jury on July 23, 1997, for one count of aggravated murder, one count of aggravated robbery, and one count of aggravated burglary. Firearm specifications were attached to all three counts. Agee pled guilty on March 20, 1998, to one count of murder, one count of aggravated robbery, and one count of aggravated burglary, all three with firearm specifications. Agee was sentenced to fifteen years to life on the conviction of murder, five years each for the aggravated robbery and the aggravated burglary convictions, and the firearm specifications were merged to one three-year sentence. The aggravated robbery and aggravated burglary sentences were to be served concurrent to each other, consecutive to the murder sentence. Additionally, the three-year sentence for the merged firearm specifications was to be served consecutive to and prior to the other terms of imprisonment.

Agee now appeals the juvenile division's June 5, 1997 decision binding him over to the general division pursuant to R.C. 2151.26(B)(3) and (4).

"The Montgomery County Common Pleas Court, Juvenile Division, erred when it bound Jacob Agee over to the criminal division for trial as an adult in violation of both the law and his constitutional rights."

Agee presents this court with one assignment of error with five separate claims. We will address each claim in turn.

A

"The state of Ohio failed to establish probable cause to believe Jacob Agee committed an offense requiring the immediate bindover of a juvenile without an amenability hearing."

First, Agee makes the unsupported assertion that his transfer to the general division without an amenability hearing was not warranted because the state did not put forth enough evidence to satisfy the probable cause requirements that he had possessed the specific intent to kill Chain. Upon a review of the record, we find that strong evidence was produced to satisfy the requirement that Agee did have the specific intent to kill Chain.

In the alternative, Agee argues that even if the probable cause requirements were met, the state's argument for transfer was without merit because complicity to aggravated murder is not a category one offense under R.C. 2151.26(A)(1). Agee argues that because complicity is not specifically listed as a category one offense under R.C. 2151.26(A), its exclusion is proof that the General Assembly intended for complicity not to be a category one offense. Agee claims that only acts committed by principal offenders are category one offenses because an accomplice cannot have the *mens rea* to commit the principal offense.

Agee was bound over for one count of aggravated murder pursuant to R.C. 2151.26(B)(3)(a), which states:

"(B) After a complaint has been filed alleging that a child is a delinquent child for committing an act that would be an offense if committed by an adult, the court at a hearing shall transfer the case for criminal prosecution to the appropriate court having jurisdiction of the offense if the child was fourteen years of age or older at the time of the act charged, if there is probable cause to believe that the child committed the act charged, and * * *

" * * * *

"(3) The act charged is a category one offense, and * * *

"(a) The child was sixteen years of age or older at the time of the act charged."

Aggravated murder is a category one offense pursuant to R.C. 2151.26(A)(1)(a).

■ Complicity to aggravated murder does constitute an offense if committed by an adult, in accordance with the language in R.C. 2151.26(B). An accomplice can either be charged under the complicity statute or under the statute of the principal offense. *State v. Sneed* (1992), 63 Ohio St.3d 3, 10, 584 N.E.2d 1160, 1168, fn. 3; *State v. Coleman* (1988), 37 Ohio St.3d 286, 289, 525 N.E.2d 792, 795–796; *State v. Dotson* (1987), 35 Ohio App.3d 135, 520 N.E.2d 240. An accomplice to a crime is subject to the same prosecution and punishment as the principal offender. R.C. 2923.03(F). Furthermore, an accomplice is as culpable in a crime as the principal offender. *State v. Moore* (1985), 16 Ohio St.3d 30, 33, 16 OBR 410, 412, 476 N.E.2d 355, 357. In fact, an accomplice's conviction "is identical in degree and quality to a conviction of a principal offender under the same section." *Id.* Because the General Assembly intended an accomplice to be treated the same as the principal offender, complicity to aggravated murder is a category one offense under R.C. 2151.26(B)(3)(a), just like aggravated murder.

■ In this case, the record contains evidence that it was proper to transfer Agee to the general division, as the state produced enough evidence to satisfy the criteria under R.C. 2151.26(B)(3)(a). The record reflects that Agee, age seventeen, had the gun in his possession the day before the murder of Chain. Agee obtained bullets for the Derringer and he test-fired the gun twice the day of the murder. Several hours prior to the murder, Agee stated to Fannin that for the past three days he had been thinking of "pulling a 187." Additionally, Agee and Singleton tried to recruit Fannin and Ashley to participate in the robbery at the Sunoco station. Agee had been watching the Sunoco station for several months, Singleton knew where the safe was located, and Agee knew that Sunoco did not have a surveillance camera. Agee and Singleton carried forth their plan, and as a result, Chain was shot twice in the head with the Derringer. Agee then took the Derringer and hid it in a bag under a rock in Holes Creek, from where he had planned to retrieve it after things "cooled off."

Agee could have been charged either under the aggravated murder statute, or the complicity statute, and he could have been prosecuted and punished either as the accomplice or as the principal offender in that category one offense. As such, the mandatory bindover provisions of R.C. 2151.26(B)(3)(a) apply, and it was proper to transfer Agee to the general division without an amenability hearing.

■ Agee's second contention is that his transfer to the general division without an amenability hearing was improper because the state failed to prove that he had displayed, brandished, indicated possession of, or used a firearm while committing the offense of aggravated robbery, pursuant to R.C. 2151.26(B)(4). Agee relies on *State v. Hanning* (Feb. 9, 1999), Franklin App. No. 98AP–380, unreported, 1999 WL 64221, in which the Franklin County Court of

Appeals found error in the juvenile court's bindover of Hanning, who was found to have aided and abetted the co-defendant in committing aggravated robbery. The *Hanning* court based this reversal on the fact that Hanning's co-defendant had possessed the firearm used to commit aggravated robbery, while Hanning merely had possessed a BB gun. *Id.*

The *Hanning* court looked at the wording of the bindover statute and concluded that complicity was not an offense for which a juvenile can be mandatorily bound over to the general division under R.C. 2151.26(B)(4)(b). The court stated:

"It cannot be assumed, in the absence of language indicating such intention, that the General Assembly intended the juvenile courts to apply automatically the actions of a principal offender in using a firearm in the commission of a category two offense to a juvenile accomplice when determining whether or not the juvenile must be bound over for trial as an adult. In short, this court must assume that the General Assembly's omission of accomplice liability language in R.C. 2151.26(B)(4)(b) was intentional and we will not construe the statutory language otherwise." *Id.*

As we stated in our response to Agee's first claim, we do not find this analysis consistent with the existing law on accomplice liability. In this case, the state argued that Agee aided and abetted Singleton in the commission of aggravated robbery, as Agee was a participant in the theft but it was Singleton who held the gun during its commission. Aggravated robbery is a category two offense as defined under R.C. 2151.26(A)(2), and following our prior analysis regarding complicity to aggravated murder, complicity to aggravated robbery is also a category two offense. Thus, the mandatory bindover provision of R.C. 2151.26(B)(4)(b) was properly invoked.[1] This analysis is consistent with other Ohio courts' determinations regarding R.C. 2151.26 and complicity. See *State v. Collins* (June 3, 1998), Lorain App. No. 97CA006845, unreported, 1998 WL 289390; *State v. Davis* (Oct. 3, 1997), Clark App. No. 96 CA 116, unreported, 1997 WL 605193. See, also, 1997 Ohio Atty.Gen.Ops. No. 97–014.

Furthermore, this court respectfully disagrees with the Franklin County Court of Appeals' analysis in *Hanning* that Ohio courts' longstanding position that adult unarmed accomplices can be found guilty of aggravated robbery and can be sentenced subject to the firearm specification *does not apply* to bindover determinations. We find further support for rejecting the *Hanning* analysis in the Ohio Supreme Court and this court's consistent holdings that an accomplice can be

---

1. In his supplemental memorandum, Agee contends that the position taken by the court in *Hanning* should apply with equal force to R.C. 2151.26(B)(3), the subject of his first claim. However, for the same reasons as stated herein, we reject this argument.

charged with a firearm specification even when the principal offender, and not the accomplice, had possession and control of the firearm during a robbery. *State v. Chapman* (1986), 21 Ohio St.3d 41, 21 OBR 327, 487 N.E.2d 566; *State v. Moore* (1985), 16 Ohio St.3d 30, 16 OBR 410, 476 N.E.2d 355; *State v. Brown* (Oct. 23, 1998), Montgomery App. No. 16655, unreported, 1998 WL 735902; *State v. Terrell* (July 3, 1997), Montgomery App. No. 15937, unreported, 1997 WL 368356; *State v. Ballard* (Nov. 22, 1996), Montgomery App. No. 15410, unreported, 1996 WL 673266. As this court stated in *Ballard:*

"With respect to the culpability of an accomplice, the Supreme Court of Ohio has held that an individual may be charged under R.C. 2929.71 or 2929.72 on the basis of the possession of a firearm by any accomplice involved in the felony. *State v. Powell* (1991), 59 Ohio St.3d 62, 64 [571 N.E.2d 125, 127–128]. This remains true '* * * regardless of whether he was the principal offender or an unarmed accomplice.' *State v. Chapman* (1986), 21 Ohio St.3d 41 [21 OBR 327, 487 N.E.2d 566], syllabus." *Id.*

■ Therefore, the mandatory bindover provision of R.C. 2151.26(B)(4)(b) can be applied to an accomplice who aided and abetted a co-defendant who actually possessed the firearm during the commission of an aggravated robbery.

Thus, Agee's second claim is without merit.

### B

"The operation of R.C. 2151.26 violated Jacob Agee's right to due process as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section Sixteen of the Constitution of Ohio."

### C

"The operation of R.C. 2151.26 violated Jacob Agee's right to equal protection as guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, Section Sixteen of the Constitution of Ohio."

### D

"The operation of R.C. 2151.26 conflicts with Juvenile Rule 30 in violation of Article IV, Section 5(B) of the Constitution of Ohio."

■ Agee argues that, because the application of R.C. 2151.26 violated his due process and equal protection rights and conflicted with Juv.R. 30, his transfer to the general division without an amenability hearing should be reversed.

This court has previously held that R.C. 2151.26 does not violate a juvenile's due process or equal protection rights and that R.C. 2151.26 does not conflict with

Juv.R. 30. See *State v. Ramey* (May 22, 1998), Montgomery App. No. 16442, unreported, 1998 WL 310741. Additionally, since our decision in *Ramey*, other Ohio courts have similarly upheld the constitutionality of R.C. 2151.26 and found it does not conflict with Juv.R. 30. See *State v. Kelly* (Nov. 18, 1998), Union App. No. 14–98–26, unreported, 1998 WL 812238; *State v. Lee* (Sept. 11, 1998), Lake App. No. 97–L–091, unreported, 1998 WL 637583. Thus, Agee's remaining arguments are meritless.

Agee's sole assignment of error is overruled.

The judgment of the juvenile division will be affirmed.

*Judgment affirmed.*

GRADY, P.J., and WOLFF, J., concur.