OPINION
{¶ 1} This is an appeal from a bench trial in the Common Pleas Court of Licking County as to a gun specification.
 STATEMENT OF THE FACTS AND CASE
{¶ 2} After determination by Judge Marcelain as to the applicability of the gun specification even though the gun was brandished by the co-defendant, Appellant pled to the underlying charges of robbery and burglary.
{¶ 3} The sole issue before this Court as raised in the following Assignment of Error is the applicability of the gun specification to Appellant
{¶ 4} Such Assignment of Error states:
 ASSIGNMENT OF ERROR
{¶ 5} "I. The trial court committed harmful error in finding the defendant-appellant guilty of the gun specification as the conviction of the defendant-appellant is not supported by credible evidence sufficient to establish that the defendant-appellant brandished a firearm in the commission of the underlying offense."
 I.
{¶ 6} While the sole Assignment of Error speaks of sufficient evidence supporting the brandishing of a gun by Appellant, the issue and argument really go to the question as to whether, under the current statute an accomplice who does not use a gun in the commission of a felony can be subject to a gun specification along with the co-defendant who utilizes the gun.
{¶ 7} The statutes involved in answering this question are the following:
{¶ 8} R.C. 2941.14(D)(1)(a)(ii)(iii):
{¶ 9} "(D)(1)(a) Except as provided in division (D)(1)(e) of this section, if an offender who is convicted of or pleads guilty to a felony also is convicted of or pleads guilty to a specification of the type described in section 2941.141, 2941.144
or 2941.145 of the Revised Code, the court shall impose on the offender one of the following prison terms:
{¶ 10} "* * * * (ii) A prison term of three years if the specification is of the type described in section 2941.145 of the Revised Code that charges the offender with having a firearm on or about the offender's person or under the offender's control while committing the offense and displaying the firearm, brandishing the firearm, indicating that the offender possessed the firearm, or using it to facilitate the offense;
{¶ 11} "(iii) A prison term of one year if the specification is of the type described in section 2941.141 of the Revised Code that charges the offender with having a firearm on or about the offender's person or under the offender's control while committing the felony."
{¶ 12} R.C. 2941.141(A) and (B) provide:
{¶ 13} "(A) Imposition of a one-year mandatory prison term upon an offender under division (D)(1)(a) of section 2929.14 of the Revised Code is precluded unless the indictment, count in the indictment, or information charging the offense specifies that the offender had a firearm on or about the offender's person or under the offender's control while committing the offense. The specification shall be stated at the end of the body of the indictment, count, or information, and shall be in substantially the following form:
{¶ 14} "`SPECIFICATION (or, SPECIFICATION TO THE FIRST COUNT). The Grand Jurors (or insert the person's or the prosecuting attorney's name when appropriate) further find and specify that (set forth that the offender had a firearm on or about the offender's person or under the offender's control while committing the offense.)'
{¶ 15} "(B) Imposition of a one-year mandatory prison term upon an offender under division (D)(1)(a) of section 2929.14 of the Revised Code is precluded if a court imposes a three-year or six-year mandatory prison term on the offender under that division relative to the same felony."
{¶ 16} R.C. 2941.145(A) provides:
{¶ 17} "Imposition of a three-year mandatory prison term upon an offender under division (D)(1)(a) of section 2929.14 of the Revised Code is precluded unless the indictment, count in the indictment, or information charging the offense specifies that the offender had a firearm on or about the offender's person or under the offender's control while committing the offense and displayed the firearm, brandished the firearm, indicated that the offender possessed the firearm, or used it to facilitate the offense. The specification shall be stated at the end of the body of the indictment, count, or information, and shall be stated in substantially the following form:
{¶ 18} "`SPECIFICATION (or, SPECIFICATION TO THE FIRST COUNT). The Grand Jurors (or insert the person's or the prosecuting attorney's name when appropriate) further find and specify that (set forth that the offender had a firearm on or about the offender's person or under the offender's control while committing the offense and displayed the firearm, brandished the firearm, indicated that the offender possessed the firearm, or used it to facilitate the offense).'"
{¶ 19} R.C. 2923.03(A), (A)(2) and (F) involves culpability of an accomplice:
{¶ 20} "(A) No person, acting with kind of culpability required for the commission of an offense, shall do any of the following:
{¶ 21} "* * * * (2) Aid or abet another in committing the offense;
{¶ 22} "* * * * (F) Whoever violates this section is guilty of complicity in the commission of an offense, and shall be prosecuted as if he were a principal offender. A charge of complicity may be stated in terms of this section, or in terms of the principal offense."
{¶ 23} In this case, the indictment as to Appellant states:
{¶ 24} "The Grand Jurors further find and specify that the said, Joshua S. Brown, and/or an accomplice, had a firearm on or about their person, or under their control while committing the offense, and the said, Joshua S. Brown, and/or, an accomplice, did display the firearm, brandished the firearm, indicated that he and/or an accomplice possessed the firearm, or used the firearm to facilitate the offense, to-wit: a handgun, in violation of Sections 2929.14(D) and 2941.145 of the Ohio Revised Code."
{¶ 25} Appellant urges this Court to re-visit consideration of the issue involved as State v. Chapman (1986),21 Ohio St.3d 41, was premised on an earlier version of the gun specification statute and the Ohio Supreme Court's ruling in State v. Hanning
(2000), 89 Ohio St.3d 86. We disagree.
{¶ 26} Addressing State v. Hanning initially, we find that such case involved the authority of the Juvenile Court to bind such defendant to Common Pleas Court when the gun was possessed by an adult rather than by the juvenile. The court held that the complicity statute, R.C. 2923.03, under such circumstances was not applicable. This ruling did not abrogate such complicity statute but interpreted its effect as to the bindover statute and does not support Appellant's argument.
{¶ 27} The difference in the current statute as opposed to that considered in State v. Chapman is also ineffective in supporting Appellant's argument as R.C. 2923.03 clearly applies to Appellant, making him as culpable of the underlying offense as the other perpetrator.
{¶ 28} Therefore, the gun specification attaches and Appellant was so indicted.
{¶ 29} A similar issue was addressed in In the Manner of:Shawn P. Keith, Alleged Delinquent Minor (Sept. 25, 2001), 10th Dist. Ohio App. No. 01AP-228, and in State v. Moore (1985),16 Ohio St.3d 30.
{¶ 30} The Assignment of Error is rejected.
{¶ 31} The judgment of the Court of Common Pleas of Licking, Ohio, is affirmed.
Boggins, P.J. Hoffman, J. and Farmer, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Licking, Ohio, is affirmed. Costs assessed to Appellants.