OPINION
Timothy Rhubert is appealing the judgment of the Greene County Court of Common Pleas denying his motion to withdraw his no contest plea.
On October 22, 1997, Mr. Rhubert issued and signed a check to the Wal-Mart store in Xenia, Ohio on another person's account. The check in the amount of $528.94 was issued in an intent to defraud and with knowledge that the check would be dishonored. The account did not have sufficient funds to cover the check.
On December 12, 1997, Mr. Rhubert planned with Timothy Franks to rob the AmeriFirst Bank in Beavercreek, Ohio committing a theft offense. In committing the offense, Mr. Franks brandished a firearm. In addition to helping plan the robbery, Mr. Rhubert drove Mr. Franks and himself away from the robbed bank in a "get away" car. Therefore, Mr. Rhubert aided and abetted Mr. Franks in the commission of an armed robbery.
On December 31, 1997, Mr. Rhubert was indicted on one count of Passing a Bad Check, a fifth degree felony, and one count of Aggravated Robbery, a felony of the first degree. Also, the indictment included a gun specification, which carried a three year mandatory sentence, on the aggravated robbery charge. Mr. Rhubert filed a motion to suppress his statements to the police claiming a violation of Miranda, but after a hearing, the trial court overruled the motion to suppress. On April 10, 1998, Mr. Rhubert entered a plea of no contest to the charges and was subsequently found guilty. The trial court sentenced him to ten months on the charge of passing bad checks and seven years on the aggravated robbery charge to be served concurrently, in addition to the three year mandatory prison term for the gun specification which was to be served consecutively. Mr. Rhubert filed a direct appeal from his conviction but it was overruled.
On February 10, 1999, Mr. Rhubert filed a motion to withdraw his plea. In this motion, Mr. Rhubert argued that his plea was not knowing and voluntary because his appointed counsel was ineffective. The trial court overruled the motion and Mr. Rhubert never appealed this judgment. On February 11, 2001, Mr. Rhubert filed another motion to withdraw his plea. In this motion, Mr. Rhubert argued that one cannot be convicted of a firearm specification when he is merely an aider and abetter and therefore that manifest injustice occurred in the trial court's acceptance of the plea, the ineffective assistance of counsel, and the prosecution's negligent handling of the case. On May 22, 2001, the trial court denied the motion without holding a hearing. Mr. Rhubert then filed this timely appeal on June 13, 2001.
Mr. Rhubert raises the following sole assignment of error:
 THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED THE DEFENDANT-APPELLANT'S MOTION TO WITHDRAW [NO CONTEST] PLEA PURSUANT TO CRIMINAL RULE 32.1 WITHOUT CONDUCTING AN EVIDENTIARY HEARING TO DETERMINE WHETHER THE PLEAS WERE ENTERED KNOWING, VOLUNTARY, AND INTELLIGENT AS A MATTER OF LAW.
Mr. Rhubert believes that even if his cohort brandished a firearm in the commission of the crime an aider and abetter cannot be convicted of a firearm specification if he was not in possession of a firearm. Based on that assumption, Mr. Rhubert argues that the trial court should have held a hearing on his motion to withdraw his plea because the trial court erred in accepting his plea, the prosecutor in pursuing his plea, and Mr. Rhubert's trial counsel in recommending that he plea. We disagree.
"An accomplice can be charged with a firearm specification even when the principal offender, and not the accomplice, had possession and control of the firearm during a robbery." State v. Agee (1999),133 Ohio App.3d 441, appeal dismissed (1999), 86 Ohio St.3d 1489, citing State v. Chapman (1986), 21 Ohio St.3d 41; State v. Moore (1985),16 Ohio St.3d 30; State v. Brown (Oct. 23, 1998), Montgomery App. No. 16655, unreported; State v. Terrell (July 3, 1997), Montgomery App. No. 15937, unreported; State v. Ballard (Nov. 22, 1996), Montgomery App. No. 15410, unreported. R.C. 2941.145 imposes mandatory firearm sentences on accomplices as well as the offender who brandished the weapon. State v. Turner (May 6, 1998), Summit App. No. 18618, unreported.
Mr. Rhubert inaccurately reads R.C. 2941.145 to mean that an accomplice who does not possess a weapon during the crime but who aids and abets a coconspirator who does brandish a weapon cannot be convicted of a firearm specification. Pursuant to the above cases, this is simply false. However, nearly Mr. Rhubert's entire argument on appeal is based on this false presumption.
Mr. Rhubert argues that the trial court erred in accepting his plea to the firearm specification because he was pleading to a charge which he could not be convicted of at trial. Mr. Rhubert believes he could not be convicted of the firearm specification at trial because he was not the individual in possession of the weapon. As stated above this is false. If Mr. Rhubert's case had gone to trial and the State had proven that Mr. Franks, Mr. Rhubert's cohort in the robbery, had brandished a gun during the robbery, Mr. Rhubert could have been convicted of the firearm specification even if Mr. Rhubert never had possession or control of the gun. Therefore the trial court did not err in accepting the plea and this is insufficient grounds to withdraw the plea.
Similarly, Mr. Rhubert argues that the prosecution and his trial counsel created a manifest injustice by negotiating the plea agreement and encouraging Mr. Rhubert to accept the agreement. This argument is likewise based on the assumption that Mr. Rhubert as an unarmed accomplice could not be convicted of a firearm specification. As stated above, Mr. Rhubert though unarmed may be convicted of a firearm specification because his partner in the robbery, Mr. Franks, brandished a firearm. No error was committed by the prosecutor or defense counsel in negotiating and encouraging Mr. Rhubert's no contest plea to the offenses and this is insufficient grounds to withdraw Mr. Rhubert's plea.
Additionally, Mr. Rhubert argues that the facts read by the prosecutor at the plea hearing to which he pled no contest were insufficient to find him guilty of aggravated robbery because they did not state whether Mr. Rhubert knew that Mr. Franks intended to rob the bank. However, at the plea hearing when reading the facts, the prosecutor stated:
 The Defendant, aided and abetted in as much as he was driving what we could generically call the get away car that he and Mr. Franks used to leave the scene where the robbery was committed. And the State would also indicate that Mr. Rhubert was part of the plan with Mr. Franks to commit this offense.
(4/10/1998 Tr. 9) (emphasis added). These facts established that Mr. Rhubert planned with Mr. Franks to commit the armed robbery and established that Mr. Rhubert knew what Mr. Franks was doing inside the bank. Also, Mr. Rhubert argues these facts are insufficient to find him guilty because they did not prove that he was not acting under duress when he drove Mr. Franks and himself away from the scene of the crime. Duress is an affirmative defense and as such the defendant has the burden of presenting evidence to raise the defense. State v. Getsy (198),84 Ohio St.3d 180, 198. Thus, the State did not have to present facts proving that Mr. Rhubert did not act under duress. Yet, the State did present the fact that Mr. Rhubert helped plan the robbery and as such negated any claim by Mr. Rhubert that he did not know that Mr. Franks was robbing the bank and only drove them away from the scene because he was under duress. The facts to which Mr. Rhubert pled no contest established that he planned with Mr. Franks to rob the bank and were sufficient to support the trial court's conviction. Based on this claim, the trial court did not err in overruling Mr. Rhubert's motion to withdraw his plea.
Finally, Mr. Rhubert points to the following exchange at the plea hearing as evidence of error:
[The prosecutor reads the facts underlying the crimes.]
 The Court: Now, Mr. Rhubert, do you understand what the prosecutor read.
The Defendant: Yes, sir, I do.
 The Court: Is there anything about that that you are uncertain or confused about.
 The Defendant: Only the gun. Where they come across with the gun because Timmy Franks had a gun in his possession.
 The Court: Okay. The allegations that have been stated is that Mr. Franks had a gun in his possession. Is that correct.
[Prosecutor]: That's correct. Yes, Your Honor.
 The Court: And you understand that that is what is being alleged here.
The Defendant: That Mr. Franks had a gun, correct.
The Court: And you understand that.
The Defendant: Yes.
 The Court: All right. So I guess what I'm asking you, do you understand the facts as alleged by the State.
 [Defense Counsel]: Your Honor, before he answers, obviously the Court is aware this is a no contest plea. He understands the facts. It would only be based on what was stated in the Courtroom. Do you understand that.
The Defendant: Right.
 The Court: Understanding — counsel, approach just a second. (Whereupon, conference was held at the bench off the record.)
 [Prosecutor]: Your Honor, if I might provide the Court, so that there is no confusion on the record. Both counts were committed in 2 different cities. The first Court was committed in the City of Xenia, the second Count was committed in the City of Beavercreek; both of which are in Greene County but in 2 separate jurisdictions.
 The Court: All right. Mr. Rhubert, understanding what the State has read upon the record and understanding further that the Court can make a determination of guilty or not guilty based solely upon that reading, are those the set of facts and circumstances that you wish to enter a no contest plea to.
The Defendant: Yes, sir.
The Court: So, how do you wish to plead to the 2 Counts.
The Defendant: No contest.
(4/10/1998 Tr. 9-11).
Mr. Rhubert asserts that in this exchange he asserted his innocence to the gun specification and that the trial court went off the record to discuss Mr. Rhubert's confusion. However, we see nothing wrong with the exchange. Mr. Rhubert admitted that Mr. Franks had a gun. The fact that the court went off the record appears to be related to clearing up confusion surrounding in which city the crimes occurred rather than confusion surrounding whether Mr. Franks or Mr. Rhubert had possession of the gun. Mr. Rhubert and the court appeared to clearly understand that Mr. Franks had possession of a gun. Despite Mr. Rhubert's belief to the contrary, this is sufficient to find him guilty of the gun specification. Mr. Rhubert seems to believe that by insisting that Mr. Franks had possession of the gun rather than himself that he was asserting his innocence, but this is simply false. From the transcript it is apparent that Mr. Rhubert was aware that he was pleading no contest to the facts as read by the prosecutor, including that Mr. Franks brandished a gun in carrying out the crime. Based on this claim, the trial court did not abuse its discretion in overruling the motion to withdraw his plea without a hearing.
Thus, the trial court did not abuse its discretion in overruling Mr. Rhubert's motion to withdraw his plea and Mr. Rhubert's assignment of error is without merit and overruled. The judgment of the trial court is affirmed.
BROGAN, J. and GRADY, J., concur.